580 So.2d 171 (1991)
ROGER DEAN CHEVROLET, INC., a Foreign Corporation, Appellant/Cross Appellee,
v.
James L. LASHLEY, Individually, Lashley Enterprises and Georgia Meat, Inc., a Florida Corporation, Appellees/Cross Appellants.
No. 89-0749.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
On Petition for Rehearing June 5, 1991.
Reed W. Kellner of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, and Diane H. Tutt, Fort Lauderdale, for appellant/cross appellee.
Jeffrey M. Liggio of Liggio & Luckman, and Russell S. Bohn of Edna L. Caruso, P.A., West Palm Beach, for appellees/cross appellants.
DOWNEY, Judge.
This case involves an appeal and cross appeal from a final judgment awarding damages and prejudgment interest to appellees for breach of contract.
Appellees, James L. Lashley and his wife, while residents of Palm Beach County, made periodic trips back to their prior home in southern Georgia. Originally, *172 they would often bring back with them quantities of cured meat for themselves and friends. Later, they brought back cured meat, which they sold to friends at cost. In the fall of 1982, James Lashley decided to go into the meat business, which, among other things, would require obtaining refrigerated trucks. Through his work as a manager of orange groves, Lashley had become friendly with E.J. Coates at Roger Dean's automobile dealership. Lashley discussed his need for refrigerated trucks to transport meat from Georgia to South Florida with Coates and, in due course, they settled upon a particular type and make of refrigerated truck. Though Lashley ordered two such trucks, Roger Dean delivered inferior brand trucks that were actually air conditioned, but not refrigerated. As a consequence they could not accomplish the task, resulting in Lashley's losing large quantities of meat in transportation. The corporation he formed to operate the business lost money and this litigation ensued. Lashley filed a complaint in four counts; two counts for breach of contract, a count for breach of warranty, and a count for deceptive and unfair trade practices, a violation of Chapter 501 of the Florida Statutes.
The case proceeded to trial during which the trial court found that much of the evidence supported a claim by Lashley Enterprises, a corporation Lashley founded to operate the meat business. Roger Dean did not object to the admission of such evidence and cross-examined the witnesses in regard to the various claims made. At the close of the plaintiffs' case, in response to Roger Dean's motion for a directed verdict because the evidence did not support a claim by Lashley, individually, but rather a claim by Lashley Enterprises, Lashley moved to add an additional party plaintiff, which was granted. The trial judge took the position that Roger Dean, from the beginning, was fully aware of the existence of the corporation; that the corporation was operating the business and had sustained whatever damages there were; that Dean had allowed all of the proof of said damages into evidence without objection, and could at that point claim no prejudice.
The trial court granted appellee's motion for directed verdict as to liability on all counts and submitted the case to the jury on damages only. The jury returned a verdict awarding $15,500 for "Repairs and modifications to trucks," $33,035 for "Losses due to spoilage of meat," and $3,928.50 for "Loss of profits."
We have considered all of the appellate points presented by counsel and find no reversible error demonstrated.
Roger Dean contends the trial court erred in granting Lashley's motion to add the corporation as an additional party plaintiff, primarily because the statute of limitations had run on the corporation's claim. Most of the cases relied on by Dean either involve the addition of party defendants, which has different ramifications, or cases involving different causes of action or parties with no community of interest.
We believe the particular facts of this case warrant application of the rule that an amendment adding a party plaintiff in a case which does not substantially change a cause of action may be made even after the statute of limitations has run. Apropos of that rule, this court held in Henrion v. Shook, 490 So.2d 1283, 1284 (Fla. 4th DCA 1986):
The general rule is that whether the amendment, which makes changes in parties to the suit, relates back to the bringing of the suit for determining the application of the statute of limitations depends on the nature of the amendment. An amendment which does not substantially change a cause of action may be made even after the statute of limitations has run.
In an earlier case on the particular subject this court held:
The basic test employed by the courts in all actions involving a change of parties after the statute of limitations has run is the effect such change has on the original cause of action, since this is the test which is used in determining the permissibility of amended pleadings generally. The general rule is that whether an amendment making changes in the parties *173 to the suit relates back to the bringing of the suit for the purposes of determining the application of the statute of limitations depends upon the nature of the matter asserted by the amendment, i.e., whether the amendment states a new cause of action or merely recites in a different form the cause of action stated in the original pleading. An amendment to plaintiff's complaint changing the parties to the suit so long as it does not introduce a new cause of action or make a new demand or substantially change the cause of action but merely restates in a different form the cause of action originally pleaded relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run. But where the amendment by the change of the parties introduces a new cause of action or one which is different and distinct from that originally set up, the new pleading is deemed equivalent to the bringing of a new action, and there is no relation back to the filing of the original pleading, which will prevent the statute of limitations from running against the new cause of action down to the time that it is introduced by the amendment.
Lindy's of Orlando, Inc. v. United Electric Co., 239 So.2d 69, 72 (Fla. 4th DCA 1970). Furthermore, it is quite clear that Lashley and the corporation have an identity of interest so as not to prejudice the defendant, Dean. Fair notice of the kindred interest is an important element in the determination of this issue. As the court said in R.A. Jones & Sons v. Holman, 470 So.2d 60, 68 (Fla. 3d DCA 1985), the touchstone of the identity of interest requirement "is whether the defendant knew or should have known of the existence and involvement of the new plaintiff." In the present case, after the amendment, the cause of action remained the same, as did the damages. Therefore, the allowance of the amendment under these peculiar circumstances and the relation back as to the corporation appear fully justified.
Roger Dean also contends that this was not a Chapter 501 consumer transaction because the claimant did not meet the requirements of the statute in that the claimant had previously engaged in the business in question. The record seems to support just the opposite conclusion, thus justifying the directed verdict complained of. With regard to the consumer claim under Chapter 501, both sides have requested attorney's fees. The award of fees goes to the prevailing parties on that claim, which in this case are the appellees.
Finally, we believe the record supports the trial judge's findings with regard to the elements of damages awarded and the amount thereof.
Accordingly, the judgment appealed is affirmed in all respects.
GUNTHER, J., and WESSEL, JOHN D., Associate Judge, concur.

ON PETITION FOR REHEARING
DOWNEY, Judge.
On petition for rehearing we modify our opinion of March 13, 1991, by eliminating the last sentence in the first paragraph on page 3 and in its stead provide the following:
We reject the remainder of the grounds in appellant's petition for rehearing and particularly point out that appellant's statement of the law regarding the prevailing party's entitlement to attorney's fees in a multi-count complaint under Chapter 501, Florida Statutes, is erroneous. See Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266 (Fla. 1st DCA 1985), and Smith v. Bilgin, 534 So.2d 852 (Fla. 1st DCA 1988). In all other respects the opinion of March 13, 1991, is confirmed.
GUNTHER, J., and WESSEL, JOHN D., Associate Judge, concur.