PER CURIAM.
The final summary judgment under review in this legal malpractice action is reversed and the cause is remanded to the trial court with directions to: (1) reinstate the defendant Fine, Jacobson, Schwartz, Nash, Block and England, P.A. as a party defendant in this case, and (2) dismiss any individual shareholders of the defendant Fine, Jacobson, Schwartz, Nash, Block, and England, P.A. who may still remain in the case as party defendants on a partnership theory.
Although inartfully done, we conclude that the plaintiffs Barry and Edward Se-gall attempted below to correct a mistaken designation of the defendant Fine, Jacobson, Schwartz, Nash, Block and England, P.A. as a partnership in the original complaint [in which inter alia all shareholders of the defendant were joined on a partnership theory] by filing an amended complaint in which the above defendant was correctly sued as a professional association [although without dropping, as they should have, the individual shareholders of the defendant who were being sued on a partnership theory]. Because this amendment did no more than correct what was, in effect, a misnomer of the defendant as to its character as a professional association, rather than a partnership, the amendment in question relates back to the original complaint which was filed within the statute of limitations. Therefore, the trial court was in error in entering final summary judgment for the defendant on the amended complaint, filed outside the statute of limitations, on the basis of its being barred by the said statute. Cabot v. Clearwater Constr. Co., 89 So.2d 662 (Fla.1956); Thomas v. Taylor Creek Marina of Ft. Pierce, Inc., 520 So.2d 708 (Fla. 4th DCA 1988); Francese v. Tamarac Hosp. Corp., 504 So.2d 546 (Fla. 4th DCA 1987); Sexton v. Panning Lumber Co., 260 So.2d 898 (Fla. 4th DCA), cert. denied, 271 So.2d 764 (Fla.1972).
Reversed and remanded.