616 So.2d 166 (1993)
Robert W. SCHACHNER, N.L.R., Inc., Goldcoast Tape Distributing, Inc., and Gemco, Inc., Appellants,
v.
Martin SANDLER, an individual, and the law firm of Cohen, Shapiro, Polisher, Sheikman, and Cohen, Appellees.
No. 92-0278.
District Court of Appeal of Florida, Fourth District.
March 31, 1993.
*167 Harry Averell of Harry James Averell, P.A., Dania, for appellants.
Patrick Gent of Heinrich Gordon Batchelder Hargrove Weihe & Gent, Fort Lauderdale, for appellees.
WARNER, Judge.
In dismissing appellant's complaint with prejudice, the trial court held that the addition of appellant as a party to an amended complaint did not relate back to the date of the original pleading so as to avoid the running of the statute of limitations. We disagree and reverse.
The gist of the original complaint against appellees was for professional malpractice in the representation of one Robert Schachner, N.L.R., Inc., and Goldcoast Tape Distributing, Inc. Schachner was the principal of both corporations as well as appellant. The complaint, divided into ten counts, alleged various deficiencies in representation of the plaintiffs in connection with the seizure of property of appellant by the Broward County Sheriff's office. Appellant was specifically mentioned in the complaint as the owner of the property and mentioned specifically in at least two counts but was not named as a plaintiff. Not a model of clarity, the complaint sought damages for the loss of the property.
Several years later, after new counsel was obtained the complaint was amended to clarify the claims, and appellant was added as a party plaintiff. Appellees moved to dismiss the amended complaint as to appellant alleging that on the face of the complaint the statute of limitations for malpractice had run as to appellant's claims. At the hearing on the motion appellant claimed that the amended complaint related back to the original complaint and was timely. The court decided otherwise and this appeal ensued.
Florida Rule of Civil Procedure 1.190(c) states:
(c) Relation Back to Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
In applying this our court has said in Roger Dean Chevrolet, Inc. v. Lashley, 580 So.2d 171 (Fla. 4th DCA 1991):
The general rule is that whether the amendment, which makes changes in parties to the suit, relates back to the bringing of the suit for determining the application of the statute of limitations depends on the nature of the amendment. An amendment which does not substantially change a cause of action may be made even after the statute of limitations has run.
Id. at 172. In Dean the complaint named an individual plaintiff, but the evidence at trial showed injury to the corporation of which the individual plaintiff was the principal. An amendment to the complaint was allowed at trial to conform to the evidence, and the amendment was allowed to relate back. Relying on R.A. Jones & Sons v. Holman, 470 So.2d 60, 68 (Fla. 3d DCA 1985), we noted that the plaintiff and his corporation had an identity of interest, and fair notice to the opposing party of the kindred interest is important in the determination of whether the amendment relates back. Dean at 173.
In Handley v. Anclote Manor Foundation, 253 So.2d 501 (Fla. 4th DCA 1971), cert. denied, 262 So.2d 445 (Fla. 1972), an administrator of the decedent's estate *168 brought a wrongful death action on behalf of the estate; the administrator later attempted to add the guardian of the decedent's son, as a survivor under the statute. This court held that the amendment related back, noting that 1.190(c) requires a liberal interpretation of the relation back rule. Id. at 502. The defendants in that case were not prejudiced because they knew upon the filing of the original wrongful death claim that the decedent had a surviving child who might plausibly claim under the wrongful death statute.
As in Roger Dean and Handley there is an identity or kindred interest between appellant and the named parties so as to permit the relation back of the amended complaint. Robert Schachner, the individual plaintiff, was the principal of the two named corporations as well as appellant who was not named as a plaintiff in the original complaint. However, the complaint sought damages for professional malpractice in connection with appellee's representation in attempting to protect appellant's property, and appellant was specifically mentioned by name in the suit. Since appellees were retained to represent all of the corporations, appellees cannot claim that they did not know of the claim of appellant when it related to appellant's property. Even in their brief they acknowledge that they were hired to protect the assets of Appellant by asserting as a defense to a seizure that the Broward County Sheriff's office had seized property owned by the wrong corporation. (Appellant's property instead of Gencom Florida, another company of Schachner's). Under these facts, we conclude that the amendment relates back.
Reversed and remanded for further proceedings.
HERSEY, J., and WALDEN, JAMES H., Senior Judge, concurs.