627 So.2d 1332 (1993)
PALM BEACH COUNTY, Appellant,
v.
SAVAGE CONSTRUCTION CORP., Wausau Underwriters Insurance Company, and Employers Insurance of Wausau, a Mutual Company, Appellees.
No. 92-3525.
District Court of Appeal of Florida, Fourth District.
December 15, 1993.
*1333 Patti A. Velasquez, West Palm Beach, for appellant.
Franklin L. Hileman of David R. Elder, P.A., Coconut Grove, for appellees.
HERSEY, Judge.
In an action on a payment and performance bond, appellant, Palm Beach County, sued appellee, Wausau Underwriters Insurance as the surety. The actual surety on the bond was Employers Insurance of Wausau, a Mutual Company. Before appellant learned of its error the statute of limitations had expired. The trial court refused to rule that an amended complaint containing the proper name of the surety related back to the original filing. The issue is whether appellant's error in naming the surety was merely a misnomer, which entitled appellant to have its amended complaint relate back to the date of original filing thus avoiding the statute of limitations defense.
Rule 1.190(c), Florida Rules of Civil Procedure, provides that under certain circumstances an amendment should be considered to relate back to a prior filing. It is well settled that the rule is to be construed liberally. Schachner v. Sandler, 616 So.2d 166, 167-168 (Fla. 4th DCA 1993) (citing Handley v. Anclote Manor Found., 253 So.2d 501, 502 (Fla. 4th DCA 1971), cert. denied, 262 So.2d 445 (Fla. 1972)). In the spirit of explaining the rule's liberality, the Florida Supreme Court in Cabot v. Clearwater Constr. Co., 89 So.2d 662 (Fla. 1956), admonished litigants:
Now the objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the "tricks and technicalities of the trade." The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
Id. at 664.
Courts have generally applied the relation-back doctrine when a misnomer occurs. See, e.g., Galuppi v. Viele, 232 So.2d 408, 410 (Fla. 4th DCA), cert. denied, 238 So.2d 109 (Fla. 1970); Louis v. South Broward Hosp. Dist., 353 So.2d 562, 563 (Fla. 4th DCA 1977), dismissed, 359 So.2d 1217 (Fla. 1978); St. John's Hosp. and Health Ctr. v. Toomey, 610 So.2d 62 (Fla. 3d DCA 1992) (Court held that where text of the amended complaint and original complaint were identical except for correction of plaintiff's name from St. John's Hospital and Health Center to St. Johns's Hospital and Health Center Foundation (two separate entities), the defendant estate had knowledge of the claim which was attached to the complaint, and the estate was not prejudiced by the amendment, the error was merely a correctable misnomer). See also Sexton v. Panning Lumber Co., 260 So.2d 898 (Fla. 4th DCA), cert. denied, 271 So.2d 764 (Fla. 1972); Thomas v. Taylor Creek Marina of Fort Pierce, Inc., 520 So.2d 708 (Fla. 4th DCA 1988); Francese v. Tamarac Hosp. Corp., 504 So.2d 546 (Fla. 4th DCA 1987). Cf., Michelin Reifenwerke, A.G. v. Roose, 462 So.2d 54 (Fla. 4th DCA 1984), rev. denied, 475 So.2d 696 (Fla. 1985). Compare, Gray v. Executive Drywall, Inc., 520 So.2d 619 (Fla. 2d DCA), rev. denied, 529 So.2d 694 (Fla. 1988) (Notwithstanding some common stock ownership, occupancy in the same office building and common representation of both at the site where the injury occurred, court upheld summary judgment in favor of proper defendant Executive Plastering on the basis that the statute of limitations had expired in the case erroneously brought against Executive Drywall, and that Executive Drywall had done nothing to prolong matters unnecessarily in an attempt to confuse plaintiff).
In the present case there are several factors indicative of a close alliance between the two separate corporations. Those that would seem to justify an inference (that a reference to one could reasonably be found to be simply a misnomer for the other) arise as follows:
*1334 1. Appellant made several inquiries before determining that Wausau Underwriters Insurance was the proper defendant:
a. in a telephone call to the Florida Department of Insurance and Treasury appellant was advised that Wausau was the proper name to employ;
b. in a conversation with one of the companies' registered agents in Miami appellant was told that all the companies were the same and it did not matter who was actually named in the suit;
c. the response to a letter written by appellant to Employers Insurance of Wausau was written on the letterhead of Wausau, not Employers;
d. appellant learned that Employers owns 100% of a holding company identified as Wausau Service Corporation, which, in turn, owns 100% of Wausau;
e. appellant also learned that:
i. the companies operate out of a single office;
ii. they share a single telephone line;
iii. they have overlapping officers and directors;
iv. they share consolidated financial statements and registration statements.
2. A single attorney represented both companies;
3. Both companies received service of process through the same individuals at the same location.
Under these circumstances we have no hesitancy in holding that reference in the complaint to Wausau was simply a misnomer for Employers. We reverse and remand for further proceedings in accordance with this opinion. Our resolution makes it unnecessary to consider the second point on appeal.
REVERSED AND REMANDED.
PARIENTE, J., and WALDEN, JAMES H., Senior Judge, concur.