702 So.2d 1289 (1997)
Don T. KOZICH, Appellant,
v.
Thomas R. SHAHADY, Individually, and Houston & Shahady, P.A., a Florida professional association; f/k/a Houston, Shahady & Hatch, P.A., a Florida professional association, Appellees.
No. 95-3377.
District Court of Appeal of Florida, Fourth District.
September 24, 1997.
Rehearing and Clarification Denied January 6, 1998.
*1290 Don T. Kozich, Fort Lauderdale, pro se.
John J. Shahady, Fort Lauderdale, for appellees.
STONE, Chief Judge.
We reverse a summary judgment entered in favor of the appellees/attorneys in this suit for legal malpractice.
The alleged negligence, if any, occurred in the course of a trial conducted by Houston and Shahady, P.A. representing Don Kozich. Four days before the verdict, Kozich assigned his right to "the jury award" to his brother. The jury returned a $49,500 verdict. In January, 1995, Kozich filed the malpractice complaint naming as defendants, "Thomas Shahady individually and Houston & Shahady, P.A., f/k/a Houston, Shahady, & Hatch, P.A."
The named defendants moved for summary judgment for failure to join Houston, Shahady & Hatch, P.A. as an indispensable party. The court dismissed the complaint with leave to amend, and Kozich filed an amended complaint adding the additional P.A. as a defendant. All defendants filed affirmative defenses, alleging that Kozich had failed to join another indispensable party, Alan Kozich, Plaintiff's brother. The added P.A. also alleged that Kozich's action was barred by the statute of limitations as to Houston, Shahady & Hatch, P.A., since this court's mandate in an appeal from the jury verdict was issued in March, 1993, and Kozich filed his amended complaint in May, 1995. Legal malpractice actions must be brought within two years. § 95.11(4)(a), Fla. Stat. (1995).
The court granted Houston, Shahady & Hatch, P.A.'s motion for judgment on the pleadings based on the running of the statute of limitations. The court also granted Shahady and Houston & Shahady, P.A.'s motion for summary judgment based on Kozich's lack of standing, accepting that the assignment to his brother deprived Kozich of any enforceable interest in the initial litigation.
Kozich's malpractice complaint essentially claims that Appellees failed to exercise their "best efforts" in representing him as their client in the jury trial, and that this resulted in an insufficient verdict. Appellees argue that since Kozich assigned his right, title and interest in the underlying suit, he is not the real party in interest in the malpractice case. We note that his assignee/brother cannot be considered the real party in interest, as this court has long held that a legal malpractice action may not be transferred. Washington v. Fireman's Fund Ins. Co., 459 So.2d 1148, 1149 (Fla. 4th DCA 1984). See also Florida Patient's Comp. Fund v. St. Paul Fire and Marine Ins. Co., 535 So.2d 335, 338 (Fla. 4th DCA 1988), approved, 559 So.2d 195 (Fla.1990). To hold that Kozich lacks standing to bring the instant action would be to insulate Appellees from any allegations of malpractice.
We note that Kozich did not assign the "cause of action," such as to change his status as a party in the case being tried. Rather, Kozich specifically stated that the assignment was to any "jury award." Without deciding what the impact might have been had the greater interest been assigned, at a minimum, the effect of assigning only his right to any future award was to retain in Kozich the ability to control the conduct of the trial, to accept or reject any settlement offers, and to maintain the attorney-client relationship, with any corresponding obligations.
With regard to the statute of limitations issue, it is undisputed that Kozich's initial retainer was with Houston, Shahady & Hatch, P.A. and that in the course of the case, he was also represented by Houston & Shahady, P.A. It was not until after the statute of limitations period had expired that the motion to dismiss was filed, disclosing that Houston & Shahady, P.A. is a separate corporation from Houston, Shahady & Hatch, P.A., and thus, Kozich's complaint should be dismissed for failure to join an indispensable party.
Kozich argues that his amended complaint relates back to his original complaint, which was timely filed. Florida Rule of Civil Procedure 1.190(c) provides that an amendment shall relate back to the date of the original pleading where "the claim or defense *1291 asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." We recognize that generally an amendment which adds a new party to the action does not relate back to the original complaint. See Troso v. Florida Ins. Guar. Ass'n, Inc., 538 So.2d 103 (Fla. 4th DCA 1989); Lindsey v. H.H. Raulerson Jr. Memorial Hosp., 505 So.2d 577 (Fla. 4th DCA 1987)(amended complaint in medical malpractice action which did not merely correct misnomer or misdescription of party but instead added another physician as a totally separate party did not relate back to date of initial complaint); Frankowitz v. Propst, 489 So.2d 51 (Fla. 4th DCA 1986)(because physician did not share "identity of interest" with his colleagues and professional association, amended complaint, which added him as a party defendant in medical malpractice action, did not relate back to original complaint).
The addition of a party, however, does relate back where the new and former parties have an identity of interest which does not prejudice the opponent. Cf. City of Miami v. Cisneros, 662 So.2d 1272, 1274 (Fla. 3d DCA 1995). We have recognized that the relation-back doctrine applies where:
[T]he newly added party had early knowledge of the litigation, that is to say, prior to the running of the Statute, and knew or should have known that the plaintiff had made a mistake or was guilty of a misnomer as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party.
Michelin Reifenwerke, A.G. v. Roose, 462 So.2d 54, 57 (Fla. 4th DCA 1984). See also Palm Beach County v. Savage Constr. Corp., 627 So.2d 1332 (Fla. 4th DCA 1993); Schachner v. Sandler, 616 So.2d 166 (Fla. 4th DCA 1993).
In Schachner, two corporations filed a malpractice action against a law firm. Schachner, the principal of both corporations, subsequently filed an amended complaint after the expiration of the statute of limitations, seeking to be added as a party plaintiff. This court held that the amendment should relate back, reasoning that there was an identity or kindred interest between the appellant and the named parties, and that the defendants had fair notice of the appellant's claim and would not be prejudiced by the late amendment.
In Savage, Palm Beach County filed an action to collect on a payment and performance bond, but named the wrong surety. After the statute of limitations expired, the county sought to file an amended complaint naming the correct surety. This court reversed the trial court's dismissal of the action and held that the amended complaint should relate back to the original complaint. This court noted that the two surety companies the appellants confused for one another shared several identities of interest, such as operating out of a single office, sharing a telephone line, having overlapping officers and directors, having the same attorney, and receiving service of process through the same individuals at the same location. This court noted the prescription of the Florida Supreme Court, which cautioned:
[T]he objective of all pleadings is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the `tricks and technicalities of the trade'. The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
Cabot v. Clearwater Constr. Co., 89 So.2d 662, 664 (Fla.1956). See also Segall v. Fine Jacobson Schwartz Nash Block & England, P.A., 613 So.2d 516 (Fla. 3d DCA 1993). Kozich has demonstrated that Houston & Shahady, P.A. and Houston, Shahady & Hatch, P.A. share numerous substantial identities in interest. For example, both P.A.S operate out of the same office address and use the same phone and fax numbers; they have overlapping officers, directors, and shareholders; both P.A.s receive service of process through the same individuals at the same address, and both are represented by the same attorney.
Kozich also claims that Shahady had represented to Kozich that he was changing the name of his law firm to drop Hatch as a named partner because of difficulties. After *1292 August, 1990, Hatch was no longer a member of the firm representing Kozich. There is no other substantive change from the client's perspective. Hatch is not personally joined here. The attorneys should have known that the client, Kozich, might have been confused about his law firm's name. We note it was not until six days after the statute of limitations expired, several months after receiving the initial complaint, that Appellees asserted in this case that Houston, Shahady & Hatch, P.A. existed as a separate entity. Thus, because of the numerous identities of interest between Houston and Shahady, P.A., and Houston, Shahady, and Hatch, P.A., and because of no demonstrated prejudice to other individuals, or to the principals here, by Kozich's failing to join the other P.A. sooner, it was error to hold that Kozich's amended complaint could not relate back to the filing of the initial complaint.
We remand for further proceedings. As to all other issues raised, we affirm. We note that we have not addressed in this appeal whether Kozich has, or can, prove the damages elements of his claim.
POLEN and SHAHOOD, JJ., concur.