725 So.2d 451 (1999)
Andrew SCHWARTZ, a minor By and Through Simon SCHWARTZ and Francis Schwartz, his parents and natural guardians, Appellants,
v.
WILT CHAMBERLAIN'S OF BOCA RATON, LTD., and Wilt's Place, Inc., Appellees.
No. 97-3629
District Court of Appeal of Florida, Fourth District.
February 10, 1999.
*452 Randall W. Henley, West Palm Beach, for appellants.
Hinda Klein of the Law Office of Conroy, Simberg & Ganon, P.A., Hollywood, for appellees.
TAYLOR, J.
This appeal arises from an order granting final summary judgment in favor of appellees in this negligence suit for damages from an assault on the appellants' minor son in the recreational area of Wilt Chamberlain's Restaurant in Boca Raton, Florida. Appellants argue that the trial court erred in ruling that their amended complaint did not relate back to the date of the filing of the original complaint against a related entity, Wilt Chamberlain's Restaurants, Inc. We agree and reverse.
On September 30, 1996, appellants filed a complaint against Wilt Chamberlain's Restaurant, Inc. ("Wilt's Inc.") on behalf of their minor son for injuries he sustained in an assault by another patron at the restaurant on October 3, 1992. The complaint was served on Robert Schmier, registered agent, at 7777 Glades Road, Suite 310, Boca Raton, Florida. Wilt's Inc. filed an answer and affirmative defenses to the complaint and began extensive discovery.
On March 5, 1997, Wilt's Inc. filed a motion for summary judgment on the ground that the plaintiffs had sued the wrong entity. In a supporting affidavit, Robert Schmier, president of Wilt's Inc., stated that the restaurant where the incident allegedly occurred was owned and operated by Wilt's of Boca Raton, Ltd. ("Wilt's Ltd."), a limited partnership, of which Wilt's Place, Inc. (Wilt's Place), a corporation, was the general partner; that Wilt's Ltd. was a separate and distinct entity from Wilt's Inc.; and that Wilt's Inc. had nothing to do with the general operations of Wilt Chamberlain's Restaurant in Boca Raton, Florida.
After filing the motion for summary judgment, Wilt's Inc. continued to conduct considerable discovery. On April 25, 1997, the trial court granted Wilt's Inc.'s motion for summary judgment but permitted appellants to amend their complaint to name the proper defendants. Appellants filed an amended complaint on April 30, 1997, naming Wilt's Ltd. and Wilt's Place as defendants. Service was again made on Robert Schmier, registered agent for both entities, at 7777 Glades Road, Suite 310, Boca Raton, Florida. In their answer to the amended complaint, Wilt's Ltd. and Wilt's Place asserted the statute of limitations as an affirmative defense. Later, at a hearing on a motion for summary judgment, the defendants argued that the action was time barred.
Appellants countered that the amended complaint related back to the original complaint and, thus, was timely. The trial judge agreed with appellees' response that it did *453 not relate back and granted the motion for summary judgment.
The relation-back doctrine set forth in Florida Rule of Civil Procedure 1.190(c) states:
When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
Rule 1.190 (c), however, does not specifically allow for the addition of a new party. Generally, the addition of a new party to an action will not relate back to the original complaint. See Kozich v. Shahady, 702 So.2d 1289 (Fla. 4th DCA 1997); Troso v. Florida Ins. Guar. Ass'n, 538 So.2d 103 (Fla. 4th DCA 1989); Lindsey v. H.H. Raulerson Jr. Mem'l Hosp., 505 So.2d 577 (Fla. 4th DCA 1987); Louis v. South Broward Hosp. Dist., 353 So.2d 562 (Fla. 4th DCA 1977). Exceptions to this general rule are made, however, where the amendment is merely the correction of a misnomer. See Francese v. Tamarac Hosp. Corp., 504 So.2d 546 (Fla. 4th DCA 1987) (amendment allowed where the plaintiff first named "University Community Hospital" at a specific address and later named "Tamarac Hospital Corporation d/b/a University Community Hospital" at the same address).
Recent decisions of our court have liberalized the "addition-of-a-new-party" standard and allowed relation back where the new party is sufficiently related to an original party such that the addition would not prejudice the new party. See Kozich, 702 So.2d at 1291; Schachner v. Sandler, 616 So.2d 166 (Fla. 4th DCA 1993). In Kozich we held that "[t]he addition of a party ... does relate back where the new and former parties have an identity of interest which does not prejudice the opponent." 702 So.2d at 1291.
The "identity of interest" is manifested in such circumstances as when the companies (1) operate out of a single office; (2) share a single telephone line; (3) have overlapping officers and directors; (4) share consolidated financial statements and registration statements; (5) share the same attorney, and (6) receive service of process through the same individual at the same location. See Palm Beach County v. Savage Constr. Corp., 627 So.2d 1332 (Fla. 4th DCA 1993).
In this case, substantial identities of interest have been shown to exist between the original defendant and the new defendants. Robert Schmier stated in his affidavit that he is president of both the original defendant, Wilt's Inc., and the new defendant, Wilt's Place, which is the general partner of Wilt's Ltd., a party to this action. All three entities received service of process through the same registered agent, Robert Schmier, at the same office and address. All three defendants were represented by the same attorney.
Furthermore, no prejudice to Wilt's Ltd. and Wilt's Place has been demonstrated by their addition as defendants. As we stated in Kozich, the relation-back doctrine applies where:
[T]he newly added party had early knowledge of the litigation ... prior to the running of the Statute, and knew or should have known that the plaintiff had made a mistake or was guilty of a misnomer as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party.
Id. at 1291 (citing Michelin Reifenwerke, A.G. v. Roose, 462 So.2d 54, 57 (Fla. 4th DCA 1984)).
Appellants have shown that appellees had early knowledge of the litigation, and that, through the registered agent and officer they shared with the original defendant, they knew or should have known that appellants made the mistake of naming the wrong party. See Savage, 627 So.2d at 1332. As appellants point out, the original defendant, Wilt's Inc., undertook extensive discovery both before and after filing the motion for summary judgment and claiming that it was not the correct party. It expended considerable time and resources taking depositions, filing subpoenas for the school records and medical records of the minor plaintiff, sending interrogatories to the plaintiffs and requesting documents from them. Wilt's Inc.'s continued participation and pre-trial preparation, *454 appellants contend, were inconsistent with its position that it was the wrong party. See, e.g., Schwartz v. Metro Limo, Inc., 683 So.2d 201 (Fla. 3d DCA 1996) ("[W]here the originally named defendant is related to the proper defendant and, through its participation in the proceedings or otherwise, has led the plaintiff to believe that the correct defendant was sued" the doctrine of relation-back is appropriate.).
It is well settled that the relation back rule is to be liberally construed. Savage, 627 So.2d at 1332; Schachner, 616 So.2d at 168 (citing Handley v. Anclote Manor Found., 253 So.2d 501 (Fla. 2d DCA 1971)). We repeat, as we did in Savage Construction Corp. and Gardner v. Broward County, 631 So.2d 319 (Fla. 4th DCA 1994), the Florida Supreme Court's admonishment in Cabot v. Clearwater Construction Co., 89 So.2d 662, 664 (Fla.1956):
[T]he objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the `tricks and technicalities of the trade.' The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
We find that the facts in this case sufficiently support application of the relation back doctrine. There is an identity of interest and sufficient connection between appellees and the original defendant such that relation back of the amended complaint should be permitted. The amendment rectified a mistake concerning the correct identity of the corporation which operated the restaurant. It did not prejudice appellees as the original complaint left "no doubt as to the identity of the defendant intended to be sued." See Francese, 504 So.2d at 548.
Accordingly, we reverse and remand to the trial court for further proceedings.
REVERSED AND REMANDED.
POLEN, J., and FRUSCIANTE, JOHN A., Associate Judge, concur.