PER CURIAM.
This is an appeal from a dismissal with prejudice and an order denying a motion to amend the complaint in a personal injury automobile accident case.
The Robacks (plaintiffs) filed a complaint in March 1999 against Louis Cas-saro and “Enterprise Rent-A-Car Company” (Rent-A-Car) as a result of an October 1996 automobile accident. The plaintiffs alleged that Cassaro rear-ended them while negligently driving a car leased from Rent-A-Car. The rental agreement, however, was clearly between Cassaro and “Enterprise Leasing Company.” Cassaro is not involved in this appeal, only the two Enterprise companies.
Renb-A-Car filed a motion to dismiss rather than answer to the complaint on the grounds that Leasing Company, not Renb-A-Car, was the correct defendant for the plaintiffs’ lawsuit. Nevertheless, Renb-A-Car never sought a ruling on the motion and then proceeded to participate in intensive discovery for more than a year. In December of 2000, Renb-A-Car moved for summary judgment because it did not own the rental car involved in the accident. The trial court granted this motion, and simultaneously granted the plaintiffs’ motion to amend the complaint to substitute Leasing Company as the proper defendant.
After being served summons pursuant to the amendment, Leasing Company moved to dismiss the action against it with prejudice and quash the service of process on the grounds that the statute of limitations expired. The trial court granted both motions. The plaintiffs then moved to amend the complaint by changing the name of the defendant nunc pro tunc, arguing that Leasing Company would not be prejudiced by the amendment because it shared a commonality of interest with Renb-A-Car. The trial court denied this motion.
The primary issue here is whether the trial court should have allowed the plaintiffs to add Leasing Company to their complaint and to relate back the addition to the date of the original pleading. This is crucial because the statute of limitations expired before the plaintiffs sought amendment.
Rule 1.190 governs relation-back of amendments. “When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.” Fla. R. Civ. P. 1.190(c). Generally, adding a new party to an action does not relate back to the original com *1063 plaint. See Kozich v. Shahady, 702 So.2d 1289 (Fla. 4th DCA 1997).
However, this Court has allowed relation-back where the new party is “sufficiently related to an original party such that the addition would not prejudice the new party.” Schwartz v. Wilt Chamberlain’s of Boca Raton, Ltd., 725 So.2d 451 (Fla. 4th DCA 1999); see Kozich, 702 So.2d at 1289, Schachner v. Sandler, 616 So.2d 166 (Fla. 4th DCA 1993). The Court also recognized in Schwartz that the relation-back rule is to be liberally construed. See Schwartz, 725 So.2d at 454.
The “identity of interest” is manifested in such circumstances as when the companies (1) operate out of a single office; (2) share a single telephone line; (3) have overlapping officers and directors; (4) share consolidated financial statements and registration statements; (5) share the same attorney, and (6) receive service of process through the same individual at the same location.
Schwartz, 725 So.2d at 453 (citations omitted).
On this record, the plaintiffs were on notice that they may have sued the incorrect party. Nevertheless at the motion hearing, the plaintiffs alleged, but the defendants did not address, that the companies shared three of the six factors indicating identity of interest in the Schwartz test. Plaintiffs asserted that the defendants were covered by the same self-insured certificate, had some of the same board members, were represented by the same firm, accepted service through the same party, handled their claims through the same claims office, and worked out of the same Florida rental car offices, one simply owned the cars and the other managed the renting of the cars.
The trial court found notice to be the determinative factor and did not address the Schwartz factors. We hold that the allegations indicated that the amendment of the complaint could relate back to the original filing date, thereby eliminating the statute of limitations problem. Thus, the trial court erred in dismissing the complaint with prejudice without hearing argument regarding the Schwartz factors. Therefore, we reverse the dismissal with prejudice and the denial of the motion to amend and remand for another hearing for the trial court to hear argument regarding the Schwartz factors.
REVERSED AND REMANDED.
GUNTHER, FARMER, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.