863 So.2d 368 (2003)
David J. WEISS and Parillo, Weiss & O'Halloran, Appellants,
v.
Gerald L. LEATHERBERRY, Appellee.
No. 1D02-4800.
District Court of Appeal of Florida, First District.
December 9, 2003.
Rehearing Denied January 21, 2004.
*369 Richard Burton Bush and Patricia A. Lynch of Bush, Augspurger & Lynch, P.A., Tallahassee; Robert C. Bauroth of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for Appellants.
James F. McKenzie of McKenzie & Taylor, P.A., Pensacola, for Appellee.
PADOVANO, J.
This is an appeal from a summary judgment for the client in a suit against his lawyer for legal malpractice. The action was initiated according to the terms of an agreement between the client and the injured party in a previous case. We conclude that the agreement is the equivalent of an assignment of the malpractice claim. Because a legal malpractice claim is not assignable under Florida law, the purported assignment in this case is void and the action cannot be maintained in its present form. We reverse the judgment for the client and remand the case to the trial court to determine how the parties intend to proceed in the absence of the agreement.
The present controversy began at the conclusion of a previous case involving the negligent operation of a motor vehicle. Gerald Leatherberry failed to yield the right of way, and the car he was driving struck a car driven by Margaret Green. There appears to be no dispute that Leatherberry was at fault. Green sustained injuries as a result of the collision and she sued Leatherberry for damages.
Green's lawyer, James McKenzie, served a proposal for settlement on January 23, 1997, in the amount of $100,000.00. Leatherberry was represented by David Weiss, the lawyer his insurance company provided. Weiss accepted the proposal for settlement on Leatherberry's behalf and communicated the acceptance in a letter faxed to McKenzie on February 24, 1997. On the same day, McKenzie sent a letter to a lawyer in Weiss' firm revoking the proposal for settlement. The revocation letter was transmitted by United Parcel Service overnight delivery. Although McKenzie received the acceptance letter before Weiss received the revocation letter, the original of the acceptance was not filed in the court file.
After Weiss communicated the acceptance of the proposal for settlement, Leatherberry sought an opinion from another lawyer, Arthur Shimek, regarding the offer. On February 27, 1997, Shimek wrote to Weiss to inform him that he was not to accept any offer on Leatherberry's behalf without written authorization. Shimek wrote in his letter, "Mr. Leatherberry denies that he authorized you to accept the offer of judgment."
At that time, McKenzie evidently believed that Green was bound by the acceptance. McKenzie wrote a letter to the *370 trial judge on March 3, 1997, requesting cancellation of the upcoming trial and pretrial conference. He stated in this letter that the defense attorney "has now filed an acceptance of the plaintiff's offer of judgment." He explained later that he thought the original of the acceptance had been filed in the court file.
Over the course of the next few months Shimek engaged in conversations with Weiss and McKenzie to determine whether the proposal for settlement was in Leatherberry's best interest. The parties were unsuccessful at mediation and they continued to prepare the case for trial as if the settlement might not come to fruition. As the trial date approached, the relationship between Shimek and Weiss began to deteriorate. Shimek expressed the view that Weiss was not acting in Leatherberry's best interest, which prompted Weiss to file a motion to withdraw as counsel. This motion was denied.
One week before the trial, Shimek sent a letter to Leatherberry's insurance carrier recommending that it should attempt to enforce the settlement. Weiss then filed a motion in which he contended that the proposal for settlement had been accepted and should be enforced. A hearing was held on the motion on January 16, 1998. McKenzie's partner, Daniel Soloway, argued that the proposal had not been properly accepted because the original of the acceptance was not filed in the court file on or before the thirtieth day, February 24, 1997, as required by section 768.79, Florida Statutes. He also argued that there was a dispute as to whether Leatherberry had authorized the acceptance.
The trial judge agreed with Soloway and held that the parties did not have an enforceable settlement agreement. Following the denial of the motion, the case was tried before a jury and a verdict was returned in favor of Margaret Green. After appropriate adjustments, the verdict resulted in a judgment against Leatherberry for $977,773.51.
Leatherberry appealed to this court, contending that the trial court erred in setting aside the settlement agreement without conducting an evidentiary hearing. Green restated her argument that the acceptance was invalid because it had not been filed in the court file. During the oral argument, one of the judges on the panel pointed out that rule 1.442 of the Florida Rules of Civil Procedure does not require the filing of an acceptance with the court. Leatherberry could have taken the position that rule 1.442 would prevail on a procedural matter such as this and would therefore take precedence over the contrary provisions in section 768.79, Florida Statutes, but he did not make this argument in the trial court or on appeal. Ultimately, the court rejected Leatherberry's contention that the trial judge had erred in declining to enforce the settlement and it affirmed the judgment for Green. See Leatherberry v. Green, 741 So.2d 501 (Fla. 1st DCA 1999).
After the judgment had been affirmed, Green and Leatherberry entered into an agreement. On January 7, 2000, they made a written contract that required Leatherberry to immediately pursue a legal malpractice claim against Weiss and his law firm, and to assign all of the benefits from the lawsuit to Green. In return, Green agreed that she would not execute her judgment against Leatherberry's assets as long he diligently pursued the malpractice claim and cooperated with attorney Daniel Soloway in the prosecution of the claim.
As agreed, Leatherberry filed a legal malpractice claim against Weiss and his law firm. Both sides moved for summary judgment in the case. The plaintiff's counsel argued that Weiss should have filed the *371 acceptance in the court file and, at the least, he should have argued that filing with the court was not necessary under the rule. This argument was supported by the affidavits of two other lawyers who rendered opinions that Weiss' performance fell below the applicable standard of care.
Counsel for the defense maintained that the plaintiff's motion for summary judgment should be denied on the ground the agreement was an invalid attempt to assign a malpractice claim. He also argued that Leatherberry should be estopped by his own conduct from claiming that he had an agreement, and that there were disputed issues of fact on the claim of legal malpractice. Counsel for attorney Weiss did not present affidavits refuting the assertion that Weiss had departed from the standard of care.
The trial court determined that there was no dispute as to any material issue of fact and rendered summary judgment for the plaintiff, Leatherberry. The court also determined that the matter of damages could be computed simply by deducting the amount of the offer from the amount of the judgment. After adjusting for post-judgment interest, the trial court rendered a judgment in favor of Leatherberry and against Weiss and his firm in the amount of $1,262,552.51. This judgment has become the subject of the present appeal.
We have serious reservations about the propriety of resolving the claim in this case by summary judgment. A jury could reasonably find that the loss was caused by Leatherberry's own conduct and not by any negligence on the part of his lawyer. It would be difficult for Leatherberry to maintain that he had an enforceable settlement agreement when he has insisted all along that he did not authorize Weiss to accept the proposal. A jury might also conclude that the outcome would have been different had Leatherberry not waited until the week before the trial to seek enforcement. In March of 1997, Green's own lawyer thought the parties had a binding agreement. Perhaps it would have been finalized if attorney Shimek had not interceded to make the point that Weiss lacked authority and to continue the discussions about the settlement.
Negligence cases often present fact-intensive issues of causation and this one appears to be no exception. However, we need not determine whether the summary judgment should be reversed on the ground that there were disputed issues of material fact, because we have concluded that there is a much more fundamental problem with the judgment in this case. The action against Weiss was asserted by the terms of an agreement that is tantamount to an assignment of a claim for legal malpractice. Because a claim for legal malpractice is not subject to assignment, the action cannot be maintained under the agreement, and the judgment must be reversed.
Florida courts follow the majority rule that a cause of action for legal malpractice is not assignable. See Forgione v. Dennis Pirtle Agency, 701 So.2d 557 (Fla. 1997); Washington v. Fireman's Fund Insurance Co., 459 So.2d 1148 (Fla. 4th DCA 1984). This rule is predicated upon the unique relationship between the lawyer and client. An injury resulting from an attorney's negligence in the representation of a client is personal to the client. Consequently, a cause of action arising from the breach of a lawyer's duty to a client can only be asserted by the client.
The rule that a legal malpractice claim cannot be asserted by third party is based on strong public policy considerations and it has been applied even in the absence of a formal assignment of the *372 claim. For example, in National Union Fire Insurance Company v. Salter, 717 So.2d 141 (Fla. 5th DCA 1998), the court held that an insurance company could not pursue a legal malpractice claim under its right of subrogation. The court held that the reasons for prohibiting the assignment of legal malpractice claims apply with equal force to subrogation claims. In either case, the claim would be asserted by a party having no relationship with the lawyer and no true interest in the quality of the representation provided by the lawyer.
The agreement in the present case does not purport to be an assignment of the cause of action, but it has the same effect. Green traded her right to execute her judgment against Leatherberry for the right to obtain the proceeds of Leatherberry's malpractice suit against Weiss. Leatherberry was the plaintiff in the suit, at least nominally, but he had no control over the litigation. The agreement required him to pursue the case and cooperate with a lawyer selected by Green as a condition of avoiding the execution of Green's judgment against him. The lawyer in question is one of the lawyers who represented Green in the previous negligence suit and helped to obtain Green's judgment against Leatherberry.
Counsel for Leatherberry relies on the decision in Kozich v. Shahady, 702 So.2d 1289 (Fla. 4th DCA 1997), but that case is distinguishable. Mr. Kozich assigned the "right to a jury award" in a personal injury case to his brother and, thereafter, initiated an action for malpractice against the lawyers representing him in the case. The lawyers argued that Kozich lacked standing to assert a malpractice claim because he no longer had any interest in the underlying case. The court concluded that this arrangement was not an assignment of a legal malpractice claim, because Kozich retained "the ability to control the conduct of the trial, to accept or reject any settlement offers, and to maintain the attorney-client relationship." Kozich, 702 So.2d at 1290.
In contrast, Mr. Leatherberry has no control over the malpractice claim. He could not dismiss the claim without violating his agreement with Green. In fact, he would be unable to dismiss the case even if he concluded, at some point, that the claim was unmeritorious. Furthermore, he could not unilaterally decide to accept or reject an offer in the case, because the agreement requires him to cooperate with Green's lawyer. The potential conflict is apparent. Green's lawyer obviously has a right to recover a percentage of the uncollected judgment in the automobile negligence case, and he has authority under the agreement to overrule any decision Leatherberry might wish to make regarding the prosecution of the malpractice case.
The agreement in this case is like the one invalidated by the court in Tate v. Goins, Underkofler, Crawford & Langdon, 24 S.W.3d 627 (Texas App.2000). A corporation obtained a judgment against Mr. Tate, and then the parties entered into an agreement for an assignment of the proceeds of Tate's action for legal malpractice. As in the present case, the corporation agreed not to execute its judgment, and Tate agreed to employ the corporation's lawyer and to cooperate with that lawyer. Tate was the plaintiff, but he had no control over the litigation.
On these facts, the court of appeals held that the agreement was essentially an assignment of the cause of action. The court concluded that the corporation was the real party in interest and that Tate was merely the named plaintiff. Additionally, the court stated that the public policy considerations prohibiting the assignment of a cause of action for legal malpractice apply with equal force to an agreement like the one at issue. Two former adversaries had *373 joined together to find a method by which one of them could be discharged from a financial obligation and the other could collect on a judgment.
We come now to the most difficult task in this case, and that is identifying the proper remedy. Our holding that the agreement between Green and Leatherberry is an unlawful assignment of a malpractice claim compels a conclusion that the cause of action asserted under the agreement cannot be maintained. It follows that the judgment for Leatherberry must be reversed, but this does not necessarily mean that Weiss is entitled to prevail on the merits of the case.
The invalidity of the agreement has no effect on the underlying cause of action for legal malpractice, assuming the claim is asserted by proper person. Leatherberry may decide that he will assert a claim of malpractice against Weiss, even though he is no longer bound by the agreement. On the other hand, he may have no interest in the claim now that he is no longer protected by the agreement.
The best available solution is to remand the case to the trial court for a hearing to determine how Leatherberry intends to proceed. If he does not wish to pursue the action, he can simply file a voluntary dismissal. If he does intend to purse the action, the litigation must start over from the beginning and the parties will not have the benefit of any order entered in the proceeding initiated under the agreement. We could not hold that the agreement to assign the cause of action is invalid and at the same time affirm decisions made in litigation pursued under the agreement.
For these reasons we reverse the judgment for Leatherberry and remand the case to the trial court for a determination whether the action will be dismissed or whether it will be prosecuted independently of the agreement.
Reversed and remanded.
VAN NORTWICK and HAWKES, JJ., concur.