910 So.2d 851 (2005)
Larry O. WILLIAMS and Sharon K. Williams, Appellants,
v.
AVERY DEVELOPMENT COMPANY-BOCA RATON and Avery Development Company, Appellees.
No. 4D04-530.
District Court of Appeal of Florida, Fourth District.
March 16, 2005.
*852 Jeffrey A. Norkin of Jeffrey A. Norkin, P.A., Plantation, for appellants.
J. Andrew Fine, West Palm Beach, for appellee Avery Development Company.
STEVENSON, J.
The instant appeal arises from a final judgment dismissing from the lawsuit a newly-added defendant, Avery Development Company, on the ground that the claims asserted by the plaintiffs/appellants were barred by the relevant statutes of limitation. Because we find merit in the plaintiffs' claim that the Third Amended Complaint related back to the filing date of the original complaint, we reverse.
In April 1997, after their purchase of a home fell through, Larry and Sharon Williams sued Avery Development Company  Boca Raton ("ADCBR"), the would-be seller, and First Bankers Mortgage Services, Inc., the would-be lender. As to defendant ADCBR, the Williamses asserted claims for breach of contract and conspiracy to defraud and fraudulently induce contractual relationships. After proceeding for some time on a Second Amended Complaint, the Williamses sought leave of court to amend the complaint to add Avery Development Company ("ADC") as a party.
In August 2003, the Williamses were finally granted permission to file a Third Amended Complaint, adding ADC. In that Third Amended Complaint, the Williamses *853 asserted against the new defendant claims for breach of contract (count I), unjust enrichment (count III), and conspiracy to defraud and fraudulently induce contractual relationships (count IV). As to the relationship between ADCBR and ADC, the Third Amended Complaint alleged the following: (1) ADCBR and ADC operated and held themselves out to the public under the name "Avery Development Corporation," an unregistered fictitious name; (2) ADCBR and ADC shared bank and credit card merchants' accounts; (3) ADCBR and ADC shared the same director/officer, address, attorney, registered agent, and phone number; (4) "ADC ... has known of the claim throughout the litigation, and, as the entity that wrongfully detained the funds, its assets would be seized in proceedings supplementary if leave to amend were not sought"; and (5) ADC is ADCBR's "alter ego."
Both ADCBR and ADC filed motions to dismiss.[1] For its part, ADC asserted that the claims against it were barred by the relevant statutes of limitations, which ran on November 12, 2001, with respect to counts I and III and on November 12, 2000, with respect to count IV. Despite the Williamses' contention that the Third Amended Complaint related back to the filing of the original complaint, the trial court granted ADC's motion and entered judgment in its favor. The Williamses have appealed. We find that the relation back doctrine should have been applied to the filing of the Third Amended Complaint and the addition of ADC as a party defendant and, thus, the final judgment cannot stand.
Florida Rule of Civil Procedure 1.190(c) governs the "relation back" of amendments to pleadings and provides as follows: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading." As a general matter, adding a new party to an action will not relate back to the original complaint. See Schwartz ex rel. Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So.2d 451, 453 (Fla. 4th DCA 1999). The relation back rule, however, is to be liberally construed and does allow the addition of a new party if "the new party is sufficiently related to an original party such that the addition would not prejudice the new party." Id. The relationship or "identity of interest" necessary to permit such relation back
is manifested in such circumstances as when the companies (1) operate out of a single office; (2) share a single telephone line; (3) have overlapping officers and directors; (4) share consolidated financial statements and registration statements; (5) share the same attorney; and (6) receive service of process through the same individual at the same location.
Id.; see also Roback v. Cassaro, 837 So.2d 1061, 1063 (Fla. 4th DCA 2003).
Since the allegations of the Third Amended Complaint, which must be taken as true for the purposes of ruling on a motion to dismiss, see, e.g., Rudloe v. Karl, 899 So.2d 1161 (Fla. 1st DCA 2005), satisfy at least four of the Schwartz factors, there was sufficient "identity of interests" here to permit application of the relation back doctrine. Moreover, we reject ADC's claim that the Third Amended Complaint, in essence, added new causes of action  a feat which cannot be accomplished through the relation back doctrine. See Arnwine v. Huntington Nat'l Bank, N.A., 818 So.2d *854 621, 625 (Fla. 2d DCA 2002); Lefebvre v. James, 697 So.2d 918 (Fla. 4th DCA 1997). Accordingly, we reverse the final judgment in favor of ADC and remand for further proceedings.
REVERSED and REMANDED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Avery Development Company  Boca Raton's motion to dismiss was denied.