PER CURIAM.
The trial court determined that a workers’ compensation carrier could not recover from an alleged third party tortfeasor payment made to a widow of a deceased employee, notwithstanding the fact that it may have notified the third party tort-feasor of compensation payments. It was incumbent on the company in the two years following the employee’s death, to either intervene in any pending litigation pursuant to Section 440.39, Florida Statutes (1953), or to institute an action itself pursuant to Section 440.39(4)(a), Florida Statutes (1983). The carrier in the instant action did neither, and we affirm because the action it instituted against the alleged third party tortfeasor, some two years after the third party had settled a cause of action that was timely instituted by the deceased employee’s estate, came too late. Continental Insurance Company v. Industrial Fire & Casualty Insurance Company, 427 So.2d 792 (Fla. 3d DCA 1983); Cook Motor Company v. Vaughn, 189 So.2d 536 (Fla. 1st DCA 1966).
The carrier could have intervened in the estate proceedings to protect its interest. If it could not have intervened in the estate proceedings, then it was not affected by any settlement, and it could have proceeded with its own independent action in the second year after the decedent’s death. Therefore, finding no error, we affirm the summary judgment under review.