PER CURIAM.
Oren and Evelyn Mobley brought an action in the Circuit Court for Duval County against Dixie Towing Corporation to recover damages for personal injuries suffered by Mr. Mobley. After hearing evidence, a jury returned a verdict for the defendant. On motion, however, a directed verdict was granted to the plaintiffs on the issue of liability and a new trial was ordered on damages. Dixie appealed the new trial order. See Fla.R.App.P. 9.110(a)(3) and 9.130(a)(4).
While the appeal was pending the trial court, over objection of defendant, set the matter for new trial to commence in March, 1992, contingent upon completion of the appeal. Plaintiffs moved to amend their complaint and that motion was set for hearing. Dixie then applied to this court for a writ of certiorari and/or prohibition, contending that the trial court lacked jurisdiction to proceed with the litigation and that the actions of the trial court were a departure from the essential requirements of law. We issued an order to show cause (which stayed further proceedings below pursuant to Fla.R.App.P. 9.100(f)) and having now considered the response and reply, we grant in part the relief sought by petitioner.
An order granting a motion for new trial is appealable as a final judgment to the extent possible and the filing of the notice of appeal vests jurisdiction in the appellate court. Burris Chemical, Inc. v. Whitted, 485 So.2d 37 (Fla. 4th DCA 1986). We find that the trial court was without jurisdiction to permit plaintiffs to amend their complaint and prohibition is appropriate to prevent the trial court from entertaining that motion.[1]
On the other hand, we do not believe that petitioner is entitled to relief from the order which reset the trial. The remedy of prohibition is preventive only, English v. McCrary, 348 So.2d 293, 296 (Fla.1977). Petitioner cannot now utilize the writ to obtain review of the trial court’s order which sets a date for further exercise of its jurisdiction contingent upon a return of that jurisdiction from this court. Nor do we find that an order resetting trial in these circumstances is a departure from *1092 the essential requirements of law or that petitioner has shown the absence of an adequate remedy by appeal from final order. We therefore decline to grant relief insofar as petitioner seeks review of the trial court’s order setting a date for the new trial. In so holding, we are of course mindful that if plaintiffs successfully pursue their request to amend their complaint after jurisdiction returns to the lower tribunal, the defendant must be given an adequate opportunity to respond and further discovery may be necessary. The trial as now set may have to be continued even if the appeal is completely disposed of prior to the date in question in order to allow the parties time to prepare for trial on amended pleadings. These matters, however, are appropriate for resolution in the trial court after mandate issues in the pending appeal.
PETITION GRANTED IN PART AND DENIED IN PART.
JOANOS, C.J., and ZEHMER and MINER, JJ., concur.

. Subsequent to the issuance of our show cause order, Circuit Judge Lawrence D. Fay issued an order stating no further action would be taken until completion of the appeal or further order of this court.