804 So.2d 1271 (2002)
MILLAR ELEVATOR SERVICE COMPANY, Petitioner,
v.
Mary Jo McGOWAN, Janet Burke, Richard Burke, and Margaret Zamora, Respondents.
No. 2D01-4640.
District Court of Appeal of Florida, Second District.
January 25, 2002.
Harry K. Bender of Bender, Bender & Chandler, P.A., Coral Gables; and Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa, for Petitioner.
Brandon S. Vesely and Michael J. Keane of Keane, Reese & Vesely, P.A., St. Petersburg; and Justin C. Johnson and Paul Castagliola, St. Petersburg, for Respondents.
ALTENBERND, Judge.
This prohibition proceeding challenges the circuit court's jurisdiction to conduct a trial on liability during the pendency of an appeal of an order granting a new trial. *1272 The precise issue raised in this original proceeding is whether plaintiffs, Janet Burke and Margaret Zamora, are actually parties to the appeal of the order granting a new trial. We hold that they are parties to the appeal pending in this court, and as such, the circuit court is without jurisdiction to require Millar Elevator Service Company ("Millar") to defend the claims of those plaintiffs until this court determines the correctness of the circuit court's order granting a new trial.
Janet Burke, Mary Jo McGowan, and Margaret Zamora were injured in an elevator mishap. Each of the three women initially instituted separate lawsuits against Millar and other defendants seeking damages for their injuries. The spouses of Ms. McGowan and Ms. Burke also sought damages for loss of consortium.[1] All five plaintiffs were represented by a single lawyer and joined in a motion to consolidate these cases for trial. The trial court granted this motion in part, ruling that the trial for each action would be bifurcated and the three cases would be consolidated under case number 97-2336 solely for the purpose of conducting a trial on liability. Thereafter, in that consolidated trial, the jury determined that Millar had no liability for the injuries resulting from the accident.
Following the jury's verdict, all plaintiffs joined in a single motion for a new trial, which was filed in case number 97-2336. The motion alleged that Millar's experts changed their opinion testimony at a time in the proceedings when the plaintiffs' experts had completed their testimony and were unavailable to testify on rebuttal. The trial court granted this motion. In the caption of the order granting the motion for new trial, this order identified the plaintiffs as "Mary Jo McGowan, et. al." and referenced only case number 97-2336. In the body of the order, the trial court simply referred to "the plaintiffs" without identifying them specifically by name. Millar's attorney filed a notice of appeal of this order. The caption on the notice of appeal was in the form of the original style for case number 97-2336, which identified as plaintiffs, "Mary Jo McGowan and John McGowan, III." Attached to the notice of appeal was a copy of the order granting new trial as required by Florida Rule of Appellate Procedure 9.110(d). In the circuit court proceedings, all parties have operated under the assumption that the new trial order applies to all plaintiffs in all three cases despite the single case number on the order.
Millar's appeal of the order granting new trial was assigned case number 2D01-1807 by this court. While this appeal was pending, counsel for plaintiffs, Janet Burke and Margaret Zamora, moved to set the case for a new trial on liability in the circuit court. At this point, a dispute arose about which plaintiffs were appellees in the pending proceeding in this court. The circuit court conducted a hearing and received conflicting testimony from the attorney representing all plaintiffs and the attorney representing defendant Millar regarding conversations they had had between themselves pertaining to the pending appeal. Following this hearing, the circuit court set the claims of Ms. Burke and Ms. Zamora against Millar for trial, reasoning that based upon the testimony presented, Millar had not intended to include Ms. Burke and Ms. Zamora in the appeal from the order granting new trial.
We conclude that the subjective intent of the attorney filing a notice of appeal does not determine which parties in *1273 the trial court proceedings become appellees in the appeal. Thus we are not required to consider the factual findings of the circuit court in this regard.[2] Rather, determining the actual parties to an appeal, at least in this context, is strictly a legal question that can be answered by consulting the Florida Rules of Appellate Procedure and applicable case law.
Florida Rule of Appellate Procedure 9.020(g) defines the parties to an appeal. The text of subsection (2) defines appellee as "[e]very party in the proceeding in the lower tribunal other than an appellant." Even a party aligned with an appealing party in the trial court automatically becomes an appellee in the appeal unless it files a notice of appeal. If a party initially designated as an appellee prefers to align with the appellant in the appeal, it can avail itself of the joinder provisions of rule 9.360(a) and become an appellant. Thus, if Ms. Burke and Ms. Zamora are parties in the circuit court, by definition, they are appellees in the pending appeal of the order granting new trial.
We conclude that all of the plaintiffs are "parties" in the liability proceeding in the circuit court, and thus are appellees in the appeal of the order granting new trial.[3] We recognize that consolidation does not merge the several lawsuits into a single cause or change the rights of the parties vis-a-vis one another. See Wagner v. Nova University, Inc., 397 So.2d 375, 377 (Fla. 4th DCA 1981). Thus, for example, separate final judgments will eventually be entered in these several cases. For appellate purposes, those final judgments will be separate orders requiring separate appeals. The order on appeal, however, is an order granting new trial. Although treated on appeal like a final order, such an order is nonfinal because it essentially returns all of the parties to their pretrial posture. See Fla. R.App. P. 9.130(a)(4). We conclude that all of the plaintiffs obtained the right to a new trial in this single order and that they are all "parties" for the purposes of Florida Rule of Appellate Procedure 9.020(g) in this context.[4]
Moreover, Millar was not required to name every appellee in the caption of its notice of appeal or related documents. Rule 9.110(d), subtitled, "Notice of Appeal," reads in relevant part: "The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal." (Emphasis added.) The substance of the caption is not dispositive as to which parties are included within the appeal. Millar included the name of two party plaintiffs in its notice of appeal, which satisfies the terms of the rule.
Having determined that Ms. Burke and Ms. Zamora are proper parties appellee to the pending appeal of the circuit court's order granting new trial, we hold that the circuit court is without authority to require Millar to defend the action of those plaintiffs *1274 until such time as this court approves the order granting new trial. See Dixie Towing Corp. v. Mobley, 590 So.2d 1090 (Fla. 1st DCA 1991) (providing prohibition relief to prevent filing of amended complaint during pendency of appeal of order granting new trial, and denying requested prohibition relief to prevent retrial pending appeal only because the trial judge agreed to postpone the trial until after appeal was decided); see also Mann v. Brantley, 732 So.2d 1090 (Fla. 4th DCA 1998) (reversing trial court's refusal to stay retrial pending appeal of order granting new trial, and staying trial court proceedings until appeal is concluded).[5]
Petition for writ of prohibition granted.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] John McGowan, III, is no longer a party to these proceedings, having submitted a voluntary dismissal of his claim before the circuit court.
[2] We acknowledge that not all jurisdictional questions can be approached as pure legal matters and that the development of an evidentiary record in the lower tribunal is at times necessary for an appellate court to determine its jurisdiction. See, e.g., Jones v. Peninsula Motor Club, Inc., 558 So.2d 517 (Fla. 1st DCA 1990) (relinquishing jurisdiction to circuit court to conduct evidentiary hearing to determine whether appellant tendered notice of appeal in timely manner).
[3] Likewise, all parties in the consolidated trial court proceedings are parties to this original appellate proceeding. See Fla. R.App. P. 9.100(b).
[4] If we were to rule otherwise, we would have to conclude that a new trial order had been entered only in circuit court case 97-2336 and that no appealable order had yet been rendered in the other two court files.
[5] Whether this issue is actually a matter that divests the trial court of jurisdiction in a manner that renders prohibition the appropriate remedy is probably a matter of academic debate. The trial court has jurisdiction during the nonfinal appeal to take many steps. However, it clearly cannot enter a final judgment. Case law gives the appellate court the power by several different vehicles to prevent the trial court from conducting a trial during the pendency of an appeal of a new trial order.