MAY, C.J.
The relation back doctrine and its application in a subrogation action form the basis for this appeal. The guardian of the *7 injured party (plaintiff) appeals a final summary judgment that found the plaintiffs individual claim barred by the statute of limitations. The guardian argues the trial court erred in two respects: (1) granting the final summary judgment finding the individual claim barred; and (2) vacating an order of default. We hold the trial court erred in entering summary judgment and reverse. We find no error in the trial court’s order vacating the default.
In January 2002, attorneys for the workers’ compensation carrier (carrier) filed a subrogation action in the name of the plaintiff against two defendants, the driver and owner of the vehicle who struck the plaintiff while he was working. The complaint alleged that on May 4, 2000, the plaintiff sustained “bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money[,] and aggravation of a previously existing condition.” The wherefore clause requested “damages, costs of suit, and any and all further relief the court deems legal and proper.”
The defendants’ insurer tendered its $10,000 policy limits to the carrier. The carrier then took the defendants’ depositions to determine if they were collectable or if there were other responsible parties. Through those depositions, the carrier found the original defendants had no means to pay beyond the insurer’s policy limits.
In December 2002, the plaintiff filed a First Amended Complaint, which now identified the plaintiff as filing the action for the use and benefit of the carrier. The new complaint alleged the carrier had paid $1,472,230.01 in benefits to the plaintiff as a result of the accident. The wherefore clause again requested general damages, not limiting the request to those damages paid by the carrier.
The carrier filed a Second Amended Complaint, adding newly-discovered defendants. The case was again styled as a subrogation claim, but now limited its request for damages to those available under section 440.39, Florida Statutes (2000).
In June, 2004, the plaintiff filed a Third Amended Complaint, again for the use and benefit of the carrier. At the same time, a new lawyer filed a notice of appearance for the plaintiff. About ten months after the Third Amended Complaint was filed, the carrier filed an Amended Motion for Approval of Settlement.
The plaintiffs new lawyer filed a Motion for Case Management Conference, advising the court that the carrier had tendered the $10,000.00 policy limits and agreed to settle the case. The plaintiffs guardian, however, did not agree to the settlement and desired to prosecute the plaintiffs individual claim. He requested clarification of the status of the proceedings, or alternatively, leave to file yet another amended complaint naming the guardian as plaintiff.
Later that month, the defendants and their counsel failed to appear at the case management conference. The trial court entered the following order:
The Third Amended Complaint, though, appears to limit the damages sought solely to those due [the carrier], possibly excluding a claim for damages in excess of that amount, which would redound to the employee. The Third Amended Complaint, too, like the prior complaints, is in the name of [the plaintiff] and not his guardian. Finally, a dispute has arisen between counsel for [the carrier], which wants to settle with [the defendants], and counsel for [the guardian], who opposes the settlement.
*8 The court ordered the plaintiff to file a Fourth Amended Complaint in the name of the guardian, and for the parties to attempt to resolve their pleading disputes.
On October 13, 2006, more than six years after the accident, the plaintiff filed the Fourth Amended Complaint. This time the plaintiff was identified as the guardian of the person and property of the injured party. The allegations of negligence and damages remained the same. There was, however, no mention of damages on behalf of the carrier, subrogation rights, or section 440.39.
The guardian moved for entry of default against the defendants, maintaining that a copy of the motion for default was sent to defense counsel via certified mail. The trial court granted the motion and entered default against the defendants. A week after the default was entered, defense counsel sent the carrier a release to be executed. In exchange, the insurer agreed to send a check for $10,000 upon return of the executed release. Defense counsel sent the plaintiffs attorneys a letter the following month with a check for $10,000. The plaintiffs attorney returned the check. No other information was exchanged between the parties.
Over the course of the next year and a half, the case proceeded on damages with no involvement of the defendants. The plaintiff filed notices of deposition, witness lists, a notice for jury trial, and deposition transcripts. Trial was set for the period of May 5-June 6, 2008.
Approximately fifteen months after the plaintiffs attorney returned the cheek, and about a week after the calendar call, the defendants filed an Emergency Motion to Vacate Default, Motion to Remove Case from Trial Docket and/or Motion to Continue Trial. In support, the defendants filed a Proposed Answer, Affirmative Defenses and Jury Demand. The defendants also submitted affidavits of their lead attorney, a legal assistant, and an associate.
The associate’s affidavit explained that he was instructed to attend a pretrial conference by the lead attorney. He reviewed the file, but did not find the Fourth Amended Complaint, the Motion for Default, the Order of Default, or any other documents. The associate was not aware of the default until informed by the plaintiffs attorney. The associate returned to the office and had staff search for the missing filings. The legal assistant discovered they had been misfiled.
The legal assistant also filed an affidavit explaining that she had misfiled the documents because she thought the carrier’s action against the defendants was on hold because the policy limits had been tendered. She did not realize her error until the associate attended the pretrial conference.
The lead attorney attested that he saw the case set for a pre-trial conference, reviewed the file, and enlisted his associate to attend the conference. He did not see the Case Management Order, the Fourth Amended Complaint, the Motion for Default, the Order of Default, or any other documents.
The plaintiff filed an affidavit listing various documents that had been mailed to the defense counsel, including eighteen pleadings, notices, and other documents. The trial court granted the motion and vacated the default; the Motion for Rehearing was denied.
Almost two months later, the defendants filed a Motion for Final Summary Judgment, arguing the Fourth Amended Complaint violated the applicable statute of limitations under sections 95.11 and 440.39, Florida Statutes (2000). The trial court entered Final Summary Judgment in favor *9 of the defendants, from which they now appeal.
The guardian argues the trial court erred in entering summary judgment because the Fourth Amended Complaint relates back to the filing of the original complaint and therefore does not violate the statute of limitations. The defendants respond that the complaint violates sections 95.11 and 440.39 because it transformed the cause of action from a subrogation claim to a direct negligence claim six years after the accident occurred.
We review summary judgments de novo. Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA2006).
Section 440.39, Florida Statutes (2000), provides:
(4)(a) If the injured employee ... fail[s] to bring suit against such third-party tortfeasor within 1 year after the cause of action thereof has accrued, the ... insurance carrier, may, after giving 30 days’ notice to the injured employee ... institute suit against such third-party tortfeasor, either in his or her own name or as provided by subsection (3), and, in the event suit is so instituted, shall be subrogated to and entitled to retain from any judgment recovered against, or settlement made with, such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made.... The remainder of the moneys derived from such judgment or settlement shall be paid to the employee....
§ 440.39(4)(a), Fla. Stat. (2000).
The statute allows the workers’ compensation carrier to file suit if the injured party fails to do so within one year from the accrual of the cause of action. “[Ojnce the employer files suit under subsection (4)(a), or undertakes to negotiate a settlement!,] • ■ • the employee is required to co-operate with the effort.” Aetna Cas. & Sur. Co. v. Bortz, 271 So.2d 108, 114 (Fla.1972).
The carrier can either intervene in pending litigation brought by the employee, or it can proceed with its own action in the second year following the accident. Liberty Mut. Ins. Co. v. Batch Air Universal Inc., 559 So.2d 1189, 1190 (Fla. 3d DCA 1990). Here, the carrier gave the plaintiff notice of its intent to initiate suit under section 440.39(4)(a), and filed the original complaint in the second year following the accident.
Section 95.11, Florida ■ Statutes (2000), provides a four year statute of limitations for negligence actions. § 95.11(3)(a), Fla. Stat. (2000). Here, the Fourth Amended Complaint was filed six years after the accident occurred. The issue is then whether the Fourth Amended Complaint relates back to the filing date of the original complaint.
The relation back doctrine is set forth in Florida Rule of Civil Procedure 1.190, which provides: “When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.” Fla. R. Civ. P. 1.190(c) (emphasis added). The rule allows for “‘[a]n amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, [to] relate back even though the statute of limitations has run in the interim.’ ” Maraj v. N. Broward Hosp. Dist., 989 So.2d 682, 685 (Fla. 4th *10 DCA 2008) (quoting Lefebvre v. James, 697 So.2d 918, 920 (Fla. 4th DCA 1997)).
Here, the original complaint was styled in the name of the plaintiff, not as a subrogation action. The wherefore clause requested damages in general; it did not restrict the request to those damages paid by the carrier. While subsequent amendments to the complaint changed the style to reflect a subrogation claim and appeared to restrict the claim for damages to those paid by the carrier, section 440.39(4) specifically provides for the carrier to bring a claim for all damages. To the extent any recovery exceeds amounts paid by the carrier, those “moneys derived from such judgment or settlement shall be paid to the employee.” § 440.39(4)(a), Fla. Stat. (2000).
If the new and original plaintiffs “have an identity of interest so as not to prejudice the defendant,” then the defendant has been given fair notice of the common interest among the plaintiffs. Roger Dean Chevrolet, Inc. v. Lashley, 580 So.2d 171, 173 (Fla. 4th DCA 1991). The touchstone of the identity of interest requirement “ ‘is whether the defendant knew or should have known of the existence and involvement of the new plaintiff.’ ” Id. (quoting R.A. Jones & Sons v. Holman, 470 So.2d 60, 68 (Fla. 3d DCA 1985)).
Here, the original plaintiff was the injured party; the guardian serves only in a representative capacity to the injured party. These two persons are sufficiently related so that the defendants are not prejudiced. They share an identity of interest such that the defendants have been given fair notice of the allegations, and both seek the same type of damages under the same theory of negligence.
The Fourth Amended Complaint proceeds on the same general allegations as the original complaint. They both arise out of the same accident, of which the defendants were put on notice prior to the filing of the original complaint. The Fourth Amended Complaint therefore relates back to the original complaint and does not run afoul of the statute of limitations.
We therefore reverse the summary judgment and remand the case for further proceedings. We find no error in the trial court’s order vacating the default.

Reversed and Remanded.

CONNER, J., and TUTER, JACK, B., JR., Associate Judge, concur.