POLEN, J.
The issue addressed in this appeal involves the relation back doctrine and its application in a dispute arising from a commercial transaction. Appellant, purchaser/franchisee of a gas station/convenience store, sued franchisor Amerada Hess Corporation (“Hess”) on multiple grounds based on alleged misrepresentations made by its employee, which purchaser claimed induced him to enter into the written agreement. The trial court ultimately entered final summary judgment in favor of Hess. Purchaser appeals, arguing that the court erred in finding that purchaser’s claims for negligent hiring (count IX) and supervision and retention (count X) of the employee were barred by the statute of limitations. We reverse based solely on the negligent supervision and retention claim because that claim, contained in the purchaser’s amended complaint, relates back to the timely filed original pleading in this case.

Background

In May 2000, purchaser, a licensed realtor at the time, met Hess employee Tim Brink while looking for gas stations for his clients to acquire; Brink was re *838 sponsible for handling gas station sales and negotiations for Hess throughout Florida. According to purchaser, after he expressed an interest in acquiring a gas station for himself, Brink convinced him that a Hess station would have the best potential for success if it were built at a specific location in Fort Pierce. To induce purchaser into building the station, Brink allegedly made numerous oral and written representations, promises, and assurances regarding the financial feasibility and profitability of the proposed gas station. Specifically, Brink promised purchaser that Hess’s policy was to undercut all competitors’ low-price gas stations. He further guaranteed detailed sales and profit projections for the station. Moreover, Brink represented that Hess approved all of his financial projections, and that his projections were never off by more than five or ten percent.
Based on Brink’s representations, purchaser entered into a Branded Retail Agreement (BRA) with Hess to become a Hess “Retailer,” purchased the property Brink recommended for the gas station site at a higher price than comparable properties, and built a larger station than he had planned at a total cost of $2.25 million. The recommended property site was land that Brink claimed McDowell Investments had owned. Melissa McDowell, Brink’s sister-in-law, owned McDowell Investments through which she purchased the gas station site soon before conveying it to purchaser.
At some point after opening the station, purchaser realized that Brink’s financial projections and promises were either grossly overstated or false. Despite numerous alleged complaints to Hess, Hess did nothing to remedy the situation. The gas station operated at a loss. Later, purchaser discovered that Brink defrauded other investors in a similar manner. Purchaser also learned that Brink had made profits of $1,450,000.00 from the sale of land to Hess franchisees in Florida; these profits resulted from his self-dealing.

Procedural History

In June 2004, purchaser originally filed an eight-count complaint against Hess and Brink,[1] alleging breach of contract, breach of an implied covenant of good faith and fair dealing, fraud in the inducement, negligent misrepresentation, unjust enrichment, RICO violations, Florida Franchise Act violations, and communications fraud violations. In response, Hess moved for summary judgment on all eight counts, arguing that Brink’s pre-contract representations provided no basis for any claim where the contract explicitly negated any representations and otherwise extinguished any prior oral representations. Specifically, Hess pointed to language in the BRA that provided:
4. Retailer acknowledges that Hess has made no representations and provided no estimates as to the following:
a. Potential income to Retailer from the Sale of HESS Fuels or other Products.
b. Prospects for success of the Station’s business.
c. Possible training and management assistance by Hess to Retailer.
d. Volume of HESS Fuel or other products or convenience store items which Retailer will be able to sell at the Station.
*839 Further, Hess pointed to the fact that the only warranty contained in the BRA was that Hess had good title to the fuel' and other products it would sell to purchaser. Any other warranty of any kind was expressly disclaimed in the BRA. Most importantly, Hess pointed to a merger clause in the BRA, which set forth:
This Agreement comprises the entire Agreement between Hess and Retailer, and there are no agreements, understandings, warranties or representations, oral or written, express or implied, that are not merged in or superseded by this Agreement. Any change in or modification of this Agreement will be binding only if the change or modification is in writing and signed by the parties.
On November 5, 2008, purchaser amended the complaint to add two additional counts against Hess. The first alleged negligent hiring of Brink (count IX) while the other alleged negligent supervision and retention of Brink (count X). In the amended complaint, purchaser claimed the following: that he reported Brink’s representations to a Hess supervisor, Mike McAffee; that Hess failed to do a background check when it hired Brink and that doing so would have revealed facts bearing on Brink’s qualifications to represent Hess; that Brink held a position with “limited oversight”; and that Hess had a duty to supervise Brink and failed to exercise that duty.
In December 2008, after hearing argument from both parties, a predecessor judge entered a written order granting partial summary judgment in favor of Hess on the first eight counts, finding that purchaser could not have relied on Brink’s representations based on the express language of the BRA. Three months later, purchaser moved to amend his complaint to state punitive damage claims against Brink and Hess, which the predecessor judge granted.
Subsequently, Hess moved for summary judgment against counts IX and X on a variety of grounds, including that the claims were barred by the statute of limitations when filed. In December 2009, following a previous hearing on the motion before the judge in this appeal, the trial court ultimately concluded that the, negligent hiring (count IX) and supervision and retention (count X) claims were time barred, and granted summary judgment in favor of Hess on those counts.
Purchaser then filed a motion for reconsideration of the summary judgment against counts I through VIII and a subsequent motion for reconsideration of the same against counts IX and X. The court denied both motions. Hess then moved for entry of a final summary judgment because the sole remaining claim sought punitive damages against the corporation on the basis of the other counts which already had been dismissed. In November 2010, the trial court granted that motion and entered final summary judgment in favor of Hess, from which purchaser now appeals.

Analysis

Purchaser argues that the trial court erred in entering summary judgment on both counts IX and X, which alleged the negligent hiring, supervision, and retention of Brink because the amended complaint did not violate the statute of limitations. We agree with purchaser that the trial court erred in entering summary judgment as to count X, the negligent supervision and retention claim, because ■ that claim, contained in the purchaser’s amended complaint, relates back to the timely filed original complaint and thus, it is not barred by the statute of limitations. However, we find no error in the trial court’s finding *840 that the negligent hiring claim did not relate back and was time-barred.
We review summary judgments de novo. Lopez-Loarca v. Cosme, 76 So.3d 5, 9 (Fla. 4th DCA 2011).
The relation back doctrine set forth in Florida Rule of Civil Procedure 1.190(c) provides that an amended pleading relates back to the date of the original pleading when it arises “out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....” Fla. R. Civ. P. 1.190(c). This rule allows for “ ‘[a]n amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, [to] relate back even though the statute of limitations has run in the interim.’ ” Lopez-Loarca, 76 So.3d at 9 (quoting Maraj v. N. Broward Hasp. Dist., 989 So.2d 682, 685 (Fla. 4th DCA 2008)). It is well settled that the rule should be construed liberally in favor of the relation back effect. Palm Beach Cnty. v. Savage Const. Corp., 627 So.2d 1332, 1333 (Fla. 4th DCA 1993). The test is whether “the original pleading gives fair notice of the general fact situation out of which the claim or defense arises.” Flores v. Riscomp Indus., Inc., 35 So.3d 146, 148 (Fla. 3d DCA 2010).
Here, purchaser’s claim for negligent supervision and retention was sufficiently covered and referenced in the original pleading. Specifically, the original complaint alleged that neither Hess nor Mike McAfee (Brink’s supervisor) did anything to remedy the wrongdoing caused by the unauthorized misrepresentations of their own agent, Brink. Further, it alleged that Hess knew or should have known about each and every false promise, projection, and representation made by Brink; however, Hess failed to use reasonable care to correct or mitigate the mistakes of their agent. Finally and most importantly, the original complaint alleged that Hess, as Brink’s employer, is responsible for Brink’s fraudulent inducement and that Hess knew or should have known about its agent’s fraudulent scheme, and it failed to remedy the situation, knowing that purchaser and other investors throughout Florida were being defrauded.
These factual allegations set forth in the original complaint were sufficient to give fair notice of the general fact situation out of which the negligent supervision and retention claim arose, especially when construed liberally in favor of relating back. The amended complaint involves the same conduct set forth in the original. Thus, count X for negligent supervision and retention relates back to the date of the original complaint and does not violate the statute of limitations.
Accordingly, we affirm the summary judgment as to all other counts; we reverse summary judgment against count X and remand the case for further proceedings.

Affirmed in part, Reversed in pao% and Remanded.

STEVENSON, J., and BONAVITA, AUGUST, Associate Judge, concur.

. In his brief, purchaser indicated that Brink was a nominal party to this appeal, noting that the case against Brink proceeded to trial, which resulted in an uncollected jury verdict for two million dollars in compensatory damages and twelve million dollars in punitive damages.