DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TAMPA PORT AUTHORITY,

Appellant,

v.

BOB HENRIQUEZ, as Hillsborough County Property Appraiser; GULF
MARINE REPAIR CORPORATION, a Florida corporation; DOUG BELDEN,
as Hillsborough County Tax Collector; and JIM ZINGALE, as Executive
Director of the State of Florida Department of Revenue,

Appellees.

No. 2D20-2605
_____

December 29, 2023


Appeal from the Circuit Court for Hillsborough County; Martha J. Cook,
Judge.

David Smolker of SmolkerLaw, P.A., Apollo Beach, for Appellant.

William D. Shepherd of Hillsborough County Property Appraiser's Office,
Tampa, for Appellee Bob Henriquez.

Ashley Moody, Attorney General, and Timothy E. Dennis, Assistant
Attorney General, Tallahassee, for Appellee Jim Zingale.

No appearance for remaining Appellees.

BY ORDER OF THE COURT:

Appellant's motion for rehearing and certification of a question of great public importance is denied.

On the court's own motion, the July 7, 2023, opinion in this case is withdrawn and the attached corrected opinion is substituted therefor. The corrected opinion removes attorney Altenbernd's designation as an attorney in the case, and it corrects several typographical errors. No further motions for rehearing will be entertained.

NORTHCUTT and SILBERMAN, JJ., Concur.

LaROSE, J., Concurs in part but would grant the request for certification of a question of great public importance.

I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL
CLERK

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TAMPA PORT AUTHORITY,

Appellant,

v.

BOB HENRIQUEZ, as Hillsborough County Property Appraiser; GULF
MARINE REPAIR CORPORATION, a Florida corporation; DOUG BELDEN,
as Hillsborough County Tax Collector; and JIM ZINGALE, as Executive
Director of the State of Florida Department of Revenue,

Appellees.

No. 2D20-2605
_____

December 29, 2023

Appeal from the Circuit Court for Hillsborough County; Martha J. Cook,
Judge.

David Smolker of SmolkerLaw, P.A., Apollo Beach, for Appellant.

William D. Shepherd of Hillsborough County Property Appraiser's Office,
Tampa, for Appellee Bob Henriquez.

Ashley Moody, Attorney General, and Timothy E. Dennis, Assistant
Attorney General, Tallahassee, for Appellee Jim Zingale.

No appearance for remaining Appellees.

NORTHCUTT, Judge.

In consolidated cases below, the circuit court rendered a final summary judgment denying ad valorem tax exemptions for property the Tampa Port Authority leases to Gulf Marine Repair Corporation. The Port Authority and Gulf Marine took separate appeals from the judgment. *See Gulf Marine Repair Corp. v. Henriquez*, No. 2D20-2613 (Fla. 2d DCA July 7, 2023). They asked this court not to consolidate the appeals, moving instead to have them merely considered together—in appellate parlance, to have the cases "travel together." We have honored that request, and today we issue a separate opinion in each appeal announcing our affirmance of the final judgment.[1]

We preface our discussion of the Port Authority's appeal by mentioning two matters that affect the scope of our review. First, the judgment below was entered in a consolidated proceeding comprising the Hillsborough County property appraiser's challenge to exemptions granted by the county's Value Adjustment Board (VAB) for the 2014 tax year and several separate lawsuits filed by Gulf Marine to set aside assessments on the property in subsequent tax years. The Port Authority was a party only in the property appraiser's VAB suit involving the 2014 tax year. Therefore, only that tax year is at issue in the Port

---

[1] Because the Port Authority is the only appellant in the instant appeal, Gulf Marine is nominally an appellee, and it is designated as such in the style of this case. *See* Fla. R. App. P. 9.020(g)(2) (defining "appellee" as every party in the lower court proceeding other than an appellant); *Millar Elevator Serv. Co. v. McGowan*, 804 So. 2d 1271, 1273 (Fla. 2d DCA 2002) (observing that even a party aligned with the appellant in the lower court becomes an appellee on appeal under the rule). Conversely, the Port Authority is a nominal appellee in Gulf Marine's appeal, case no. 2D20-2613. Neither party in either appeal undertook to realign itself pursuant to Florida Rule of Appellate Procedure 9.360(a). *See Millar*, 804 So. 2d at 1273 (noting that an appellee who wishes to align with the appellant in an appeal may seek realignment under rule 9.360(a)).

Authority's appeal. *See Santiago v. Mauna Loa Invests., LLC*, 189 So. 3d 752, 757 (Fla. 2016) (holding that consolidation neither merges two suits into one nor changes the substantive rights of the parties); *Millar Elevator Serv. Co. v. McGowan*, 804 So. 2d 1271, 1273 (Fla. 2d DCA 2002) (same); *Merrick Park, LLC v. Garcia*, 299 So. 3d 1096, 1101-02 (Fla. 3d DCA 2019) (disallowing appeal of an order striking a count to which appellant was not a party).

Our second observation is that the Port Authority has not challenged the circuit court's ruling on the merits of the exemption issue. Rather, its grievances are confined to supposed procedural and jurisdictional deficiencies primarily stemming from the failure of its and Gulf Marine's attempts to have the property appraiser's VAB case dismissed.[2]

## I. Background

The property at the center of the dispute consists of contiguous parcels owned by the Port Authority, a government body that operates a deepwater port in Tampa. *See* ch. 95-488, §§ 4, 7, Laws of Fla. Gulf Marine conducts its for-profit ship repair business on the premises. Its lease with the Port Authority requires Gulf Marine to pay all ad valorem

---

[2] The Port Authority's notice of appeal referenced only the order declining to dismiss the property appraiser's VAB suit. The notice posited that the order "became final" upon entry of the final judgment and the subsequent order denying codefendant/counterplaintiff Gulf Marine's motion for rehearing. More accurately, the order denying the motion to dismiss was a nonappealable nonfinal order that became *reviewable* in an appeal from the final judgment. *See* Fla. R. App. P. 9.110(h) (prescribing the scope of review in an appeal from a final judgment as "any ruling or matter occurring before filing of the notice [of appeal]").

3

taxes on the property. The property had been taxed for many years when, in February 2014, Gulf Marine filed applications with the property appraiser asserting that the leased parcels were exempt from ad valorem taxes because they were used for a governmental purpose.[3] The property appraiser inspected the properties and thereafter issued written notices stating that the applications were denied because the properties were "being used for proprietary purposes." Gulf Marine petitioned for relief from the VAB pursuant to section 194.011, Florida Statutes (2014).[4]

_____

[3] The parties have not addressed the effect of section 196.011(1)(a), Florida Statutes (2014), which directs that the person or organization "who . . . has the legal title" to the property must file the exemption application with the property appraiser. *See Mastroianni v. Mem'l Med. Ctr. of Jacksonville, Inc.*, 606 So. 2d 759, 761–62 (Fla. 1st DCA 1992) (citing statute, holding that only the legal owner of the subject property, and not the nonprofit hospital to which the property was leased, was authorized to apply for tax exemption).

[4] Once more, no issue has been made about the propriety of Gulf Marine's petition to the VAB. Section 194.011(3), Florida Statutes (2014), was amended in 2016 to specify that "[a] petition to the value adjustment board must be signed by the *taxpayer* or be accompanied at the time of filing by the taxpayer's written authorization or power of attorney." Ch. 2016-128, § 8, Laws of Fla. (emphasis added). When Gulf Marine filed its VAB petition in July 2014, the statute did not contain that explicit requirement. Clearly, however, it contemplated that the petitioner before that body was the taxpayer. *See* § 194.011(3), Florida Statues (2014) (directing the Department of Revenue to provide a form for petitioning the VAB which must be accepted by the property appraiser "if the taxpayer chooses to use it"), (3)(c) ("The petition shall state the approximate time anticipated by the taxpayer to present and argue his or her petition before the board."); *see also Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (holding that when interpreting a statute, a court "must 'exhaust all the textual and structural clues' that bear on the meaning of a disputed text," quoting *Alachua County v. Watson*, 333 So. 3d 162, 169 (Fla. 2022)). Here and in the lower court, the Port Authority has repeatedly emphasized that for all pertinent purposes *it* is the taxpayer, defined in section 192.001(13), Florida Statutes (2014), as "the

4

The VAB's special magistrate held an evidentiary hearing on Gulf Marine's petition in December 2014.  Prior to the hearing, the VAB clerk contacted the Port Authority to invite its participation.  The Port Authority's vice president for legal affairs briefly appeared at the hearing, and, according to her affidavit filed below, she "gave approval, on behalf of Port Tampa Bay, for Gulf Marine Repair Corporation to proceed on behalf of Port Tampa Bay."

In March 2015, the magistrate recommended denying Gulf Marine's petition.  The following month, however, the VAB disagreed with the recommendation and granted the petition.  The property appraiser then challenged the VAB decision by filing a de novo circuit court action under section 194.036, naming Gulf Marine as a defendant but not the Port Authority.[5]

The circuit court later permitted the property appraiser to amend his complaint to add the Port Authority as a defendant.  The Port Authority moved to dismiss on the ground that it had not been joined as a party during the applicable statutory limitation period.  Gulf Marine, as well, moved for a judgment on the pleadings, arguing that the property appraiser had not timely joined an indispensable party and had failed to

_____

person or other legal entity in whose name property is assessed."  But Gulf Marine's VAB petitions named itself, not the Port Authority, as the taxpayer.  Each was signed by a Gulf Marine vice president, who certified under penalty of perjury that he was "the owner of the property described in the petition or the authorized agent of the owner for purposes of filing this petition."

[5] The statute characterizes the process of challenging a value adjustment board decision in circuit court as an "appeal."  § 194.036(1).  But the Florida Supreme Court has clarified that it is an original action, not an appeal.  *Crossings At Fleming Island Cnty. Dev. Dist. v. Echeverri*, 991 So. 2d 793, 801 n.6 (Fla. 2008).

state a cause of action against either defendant. The circuit court denied the motions.

As litigation over the 2014 exemptions proceeded, Gulf Marine filed additional exemption applications for tax years 2015 through 2019. The property appraiser denied each application. After each rejection, Gulf Marine filed suit pursuant to section 194.171, advancing theories why the exemption's disapproval was improper and should be overturned. The circuit court consolidated the property appraiser's suit and those filed by Gulf Marine, and ultimately it rendered a summary judgment in favor of the property appraiser in all the actions.

In this appeal, the Port Authority broadly attacks the judgment on two general grounds: (1) that the property appraiser lacked standing to pursue his suit and (2) that the Port Authority was not timely added to the suit, which warranted dismissal with prejudice. We reject both arguments.

## II. The Property Appraiser's Standing

The Port Authority's standing argument rests on a provision in the VAB appeal statute that permits the property appraiser to challenge a VAB decision in court if one or more of three conditions are met. *See* § 194.036(1)(a)–(c). The condition under which the property appraiser proceeded is set forth in subsection (1)(a). It requires the property appraiser to determine and assert that there is a "specific constitutional or statutory violation" in the VAB's decision. The Port Authority contends that the property appraiser's amended complaint failed to satisfy this statutory condition and that therefore it was insufficient to give him standing to pursue the VAB case.

The Port Authority did not raise this issue below, either in its motion to dismiss or in an affirmative defense. Therefore, the issue is

6

waived and may not be considered here. *See Dage v. Deutsche Bank Nat'l Tr. Co.*, 95 So. 3d 1021, 1024 (Fla. 2d DCA 2012); *see also Lincare Holdings Inc. v. Ford*, 307 So. 3d 905, 912 (Fla. 2d DCA 2020) ("[T]o be preserved for appeal, 'the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.' " (alteration in original) (quoting *Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010); *Est. of Herrera v. Berlo Indus., Inc.*, 840 So. 2d 272, 273 (Fla. 3d DCA 2003) (noting that issues may not be raised for the first time on appeal)).

Still, we can entertain the Port Authority's argument, also made for the first time on appeal, that the property appraiser's supposed lack of standing due to his purported failure to adequately plead the statutory criterion deprived the circuit court of subject matter jurisdiction. *See 84 Lumber Co. v. Cooper*, 656 So. 2d 1297, 1298 (Fla. 2d DCA 1994) (holding that the failure to challenge subject matter jurisdiction in the circuit court does not preclude the appellate court from considering the issue). But we reject this argument on its merits.

Standing refers to a party's having "a sufficient stake in an otherwise justiciable controversy" that would permit it to "obtain judicial resolution of that controversy." *C.H. v. Adoption of N.K.*, 322 So. 3d 177, 180 (Fla. 2d DCA 2021) (quoting *Jamlynn Invs. Corp. v. San Marco Residences of Marco Condo. Ass'n*, 544 So. 2d 1080, 1082 (Fla. 2d DCA 1989)). Here, however, the Port Authority does not contend that the property appraiser lacked a stake in the property tax dispute sufficient to warrant his request for its judicial resolution. Rather, the Port Authority's theory, again, is that an allegedly *faulty pleading* deprived the property appraiser of standing. Therefore, according to the Port Authority, the circuit court lacked subject matter jurisdiction and its

7

judgment is void for lack of jurisdiction. But this theory is flawed. Subject matter jurisdiction "refers to a . . . court's constitutional or statutory authority to decide a class of cases." *See Kozel v. Kozel*, 302 So. 3d 939, 945 (Fla. 2d DCA 2019). A party's lack of standing—particularly one allegedly arising from a curable pleading omission—does not affect the court's subject matter jurisdiction. *Godfrey v. Reliance Wholesale, Inc.*, 68 So. 3d 930, 931–32 (Fla. 3d DCA 2011).

Regardless, we easily conclude that the property appraiser's amended complaint comported with the statute as well as with the directive in Florida Rule of Civil Procedure 1.110(b) that a pleading "shall contain . . . a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." The property appraiser alleged:

> 10. The Value Adjustment Board's decision violates Article VII, section 3(a) of the Florida Constitution, Article VII, section 4 of the Florida Constitution and Florida Statute 196.199, as interpreted by the Florida courts.
>
> 11. Gulf Marine is in the Dry Dock/Repair business and, according to their website, ". . . can serve all of your vessel needs and requirements from the smallest topside jobs to dry dockings. Our services run the gamut from plate renewal to ocean going [sic] barge double hull conversion design and installation, from fender repair to Bludworth, Intercon or JAK-coupler installation, from valve repair to complete cargo, ballast or heating oil system design and installation, from repainting a handrail to fabrication of propulsion shafting and installation, from changing a light bulb to designing and installing a new electrical system."
>
> 12. The activities described in paragraph 11 do not constitute activities entitling Gulf Marine to an exemption under Florida Statute 196.199.
>
> 13. Because Gulf Marine is a for-profit corporation and is not performing an exempt activity on the subject property, the exemption was improperly granted.

8

The Port Authority maintains only that *allegation number 10* of the amended complaint was "completely conclusory" and "not sufficient to establish standing." It fails to explain why the allegations in toto did not satisfy the statute. In sum, the complaint alleged that the lessee was a for-profit corporation in the dry dock and repair business, that it offered a variety of related services, and that neither the lessee's business nor the offered services were exempt uses of the property. Therefore, the complaint asserted, the lessee's use of the property did not entitle it to an exemption under section 196.199, Florida Statutes (2014), or the constitution, and the VAB improperly granted it. Manifestly, these allegations met the statutory requirement.

III. The Late Joinder of the Port Authority as a Party Defendant

Neither are we swayed by the Port Authority's second broad argument for reversal (the one it did preserve for appeal), premised on the timing of its inclusion as a party to the VAB litigation. In brief, the Port Authority contends that it was entitled to a dismissal with prejudice because it was not added to the case within the statutory period for filing suit and because the amendment naming it as a party did not relate back to the timely original complaint.

This argument implicates four different statutes in Florida's sinuous property taxation scheme. First, as mentioned, the property appraiser challenged the VAB's decision by filing suit in circuit court pursuant to section 194.036(1)(a). The period for filing such an action is prescribed by a second statute, section 193.122(4), Florida Statutes (2014), which requires the suit to commence prior to the extension of the tax roll, or if the roll is extended, as happened here, within thirty days after its recertification. No one disputes the timeliness of the property -

9

appraiser's initial complaint. However, that complaint named Gulf Marine, but not the Port Authority, as a defendant, whereas a third statute involved here, section 194.181(2), requires that "[i]n any case brought by the property appraiser pursuant to s. 194.036(1)(a) or (b), the taxpayer shall be party defendant [sic]."[6] A fourth statute, section 192.001(13), Florida Statutes (2014), applicable "in the imposition of ad valorem taxes," defines "taxpayer" as "the person or other legal entity in whose name property is assessed."

The property appraiser filed his amended complaint naming the Port Authority as an additional defendant outside the thirty-day period for suing to contest the VAB decision. But Florida Rule of Civil Procedure 1.190(c) provides that when the claim asserted in an amended pleading arises "out of the conduct, transaction, or occurrence set . . . forth in the original pleading," the amendment "shall relate back to the date of the original pleading." The relation-back rule typically does not apply to the addition of a party unless the new and former parties have an identity of interests such that the addition will not prejudice the opponent. *Est. of Eisen v. Philip Morris USA, Inc.*, 126 So. 3d 323, 329 (Fla. 3d DCA 2013); *R.A. Jones & Sons, Inc. v. Holman*, 470 So. 2d 60, 67

---

[6] When the suit was filed, the full text of section 194.181(2), read: In any case brought by the taxpayer or association contesting the assessment of any property, the county property appraiser shall be party defendant. *In any case brought by the property appraiser pursuant to s. 194.036(1)(a) or (b), the taxpayer shall be party defendant.* In any case brought by the property appraiser pursuant to s. 194.036(1)(c), the value adjustment board shall be party defendant.
(Emphasis added.) In 2021, the legislature rearranged and amended section 194.181. Subparagraph (2)(b) now provides that, other than in certain cases involving condominiums, "in any case brought by the property appraiser under s. 194.036(1)(a) or (b), the taxpayer is a party defendant." Ch. 2021-209, § 2, Laws of Fla.

(Fla. 3d DCA 1985). Both rule 1.190(c) and the exception permitting the relation back of amendments adding parties are liberally construed and applied. *See Jefferson Realty of Fort Lauderdale, Inc. v. U. S. Rubber Co.*, 222 So. 2d 738, 741 (Fla. 1969) (trial court properly allowed addition of party at conclusion of trial); *Palm Beach County. v. Savage Constr. Corp.*, 627 So. 2d 1332, 1333 (Fla. 4th DCA 1993) ("It is well settled that [rule 1.190(c)] is to be construed liberally."); *see also Ding v. Jones*, 667 So. 2d 894, 897 (Fla. 2d DCA 1996) ("The acknowledged purpose of modern procedural rules is to allow joinder of all parties having an interest in a controversy.").

The Port Authority poses three arguments why the amendment adding it as a defendant in this case could not relate back to the timely initial complaint. None of them have merit.

First, the Port Authority emphasizes the requirement in section 193.122(4) that a property appraiser's suit challenging a VAB decision *shall* be filed within a thirty-day period; thus, the Port Authority observes, the limitation is mandatory. It relies on two ad valorem tax cases in which the relation-back principle was held to be inapplicable. *See Wilkinson v. Reese*, 540 So. 2d 141 (Fla. 2d DCA 1989); *Merrick Park, LLC*, 299 So. 3d 1096.

But *Wilkinson* and *Merrick Park* concerned a different statute altogether, section 194.171(2), which imposes a sixty-day deadline for suing to *contest a tax assessment*. *Wilkinson*, 540 So. 2d at 142–43; *Merrick Park*, 299 So. 3d at 1103. Notably, that statute is referred to in a different provision of section 194.036(2) that applies when a "*taxpayer . . .* bring[s] an action to *contest a tax assessment* pursuant to s. 194.171." § 194.036(2) (emphasis added). But here the property appraiser brought the action, not the taxpayer, and the property

11

appraiser did not sue under section 194.171 to contest a tax *assessment.* Rather, he sued under section 934.036(1) to challenge the tax *exemption* awarded by the VAB.

Moreover, *Wilkinson* and *Merrick Park* recognized that section 194.171 is a statute of nonclaim, i.e., one that reflects a "clearly evidenced" legislative intent to deprive a court of the power to adjudicate an untimely claim. *See Adhin v. First Horizon Home Loans*, 44 So. 3d 1245, 1253 (Fla. 5th DCA 2010) ("A statute is a 'nonclaim statute' if there is a clearly evidenced legislative intent in the statute to not merely withhold the remedy, but to take away the right of recovery when a claimant fails to present his or her claim as provided in the statute."). Thus, section 194.171(2) declares that "[n]o action shall be brought" to contest a tax assessment after the sixty-day period. Further, that deadline is expressly *jurisdictional*; subsection (6) of the statute states that "[n]o court shall have jurisdiction in such cases" if the sixty-day filing requirement in subsection (2) is not met. § 194.171(6). Section 194.171, then, is a statute of nonclaim. *See Wilkinson*, 540 So. 2d at 143; *Merrick Park*, 299 So. 3d at 1103.

Notably, *Wilkinson* recognized that before the sixty-day deadline in section 194.171 was made jurisdictional by the addition of subsection (6) in 1983, ch. 83-204, § 7, Laws of Fla., the relation-back doctrine did apply to pleading amendments in suits under that statute. 540 So. 2d at 143 (first citing *Cowart v. Perkins,* 445 So. 2d 654 (Fla. 2d DCA 1984)*;* and then citing *Hilltop Ranch, Inc. v. Brown,* 308 So. 2d 124 (Fla. 1st DCA 1975)). The Florida Supreme Court later confirmed that it was the addition of subsection (6) that caused section 194.171 to become a jurisdictional statute of nonclaim rather than a statute of limitations.

12

*Markham v. Neptune Hollywood Beach Club*, 527 So. 2d 814, 816 (Fla. 1988).

In contrast, section 193.122(4), which governed the property appraiser's suit below, contains no language establishing it as a statute of nonclaim or imposing a jurisdictional bar to application of the relation-back rule. Courts decline to read a provision into a statute when it has been omitted from that provision but included in an analogous one. *Mesen v. State*, 271 So. 3d 164, 169 (Fla. 2d DCA 2019) (citing cases).

To be sure, as the Port Authority points out, section 193.122(4) employs the mandatory term *shall* when setting forth its limitation period. But in this respect the statute is no different from Florida's civil statutes of limitation generally. Section 95.11, which prescribes limitations for civil lawsuits, states that "[a]ctions other than for recovery of real property *shall* be commenced as follows." (Emphasis added.) And section 95.011 provides that a civil action "*shall be barred*" unless filed within the applicable limitation set forth in the chapter. (Emphasis added.) Yet those statutes of limitation do not preclude application of the relation-back principle. *See, e.g.*, *Kozich v. Shahady*, 702 So. 2d 1289, 1290–92 (Fla. 4th DCA 1997) (amendment of complaint to add indispensable party after statute of limitation for legal malpractice had expired related back to original complaint). Neither does the limitation statute governing the property appraiser's VAB suit.

The Port Authority also maintains that the property appraiser's amended complaint could not relate back to the original complaint because the Port Authority was "the only proper and indispensable party" to the VAB suit and, therefore, the original complaint that omitted it was a "legal nullity." But its sole authority for that proposition, *Merrick Park*, bears no resemblance to this case. In *Merrick Park*, a VAB decision

13

reduced the valuations both of land owned by the City of Coral Gables and of separately assessed property improvements owned by the city's commercial tenant. 299 So. 3d at 1098–99. The property appraiser filed suit only against the tenant to contest the VAB's valuation of the improvements. *Id.* at 1099.

The "legal nullity" in *Merrick Park* was the city's attempt to file in the improvements valuation suit a counterclaim seeking a further reduction in the valuation of the underlying land. *Id.* at 1099, 1102–03. Because the city was not a party to the suit, its ersatz counterclaim was stricken as a nullity. *Id.* at 1102–03. When the tenant later filed an amended counterclaim count seeking to reduce the valuation of the city's land, the circuit court dismissed it with prejudice. *Id.* The Third District affirmed the dismissal, holding that (1) the amended counterclaim challenging the land valuation, which was separate and distinct from the improvements valuation, was filed after the land valuation claim was barred by expiration of the jurisdictional sixty-day nonclaim period set forth in section 194.171, and (2) the amended counterclaim regarding the land valuation could not relate back to the original counterclaim because the original was filed by a nonparty and therefore it was a nullity. *Id.*

In the case before us, the property appraiser's original complaint simply was not a nullity. Contrary to the Port Authority's assertion that it was the only proper defendant in the action under section 194.181(2)(b), that statute does not restrict who may be joined as a defendant. It states merely that the taxpayer shall be "party defendant," not *the sole* defendant. *Id.* Certainly, Gulf Marine's interest in the exemption dispute—which, after all, began when *Gulf Marine* filed the initial application, and which went forward when *Gulf Marine* petitioned

14

the VAB—was such that the property appraiser properly named it as a defendant in the VAB appeal. *See* Fla. R. Civ. P. 1.210(a) ("Any person may be made a defendant who has or claims an interest adverse to the plaintiff."). Further, unlike the situation in *Merrick Park*, here the pleading amendment to add the Port Authority was not barred by a jurisdictional statute of nonclaim. Rather, the amendment related back to the original complaint for purposes of section 193.122(4), a limitation statute. Finally, also unlike *Merrick Park*, here the property appraiser's amended complaint did not attempt to insert into the litigation a new and distinct cause of action involving separate property assessments. *See* 299 So. 3d at 1101 ("The City's Land action is a separate and distinct action from Merrick's Improvements action."). Both versions of the property appraiser's complaint in this case challenged the VAB's single decision to grant tax exemptions to the contiguous parcels owned by the Port Authority and leased to Gulf Marine.

In short, the Port Authority's proposition that the property appraiser's amended complaint could not relate back because the original complaint was a nullity for failing to name an indispensable party is plainly incorrect. *See Kozich*, 702 So. 2d at 1291 (amendment of complaint to add indispensable party after running of statute of limitations related back to original complaint); *Est. of Eisen*, 126 So. 3d at 336 (holding that the original nominal plaintiff's lack of capacity to sue did not render suit a nullity, and it did not bar application of relation-back doctrine to permit substitution of new nominal plaintiff outside imitations period).

Finally, we reject the Port Authority's assertion that it did not share with Gulf Marine an identity of interests in the exemption issue that permitted application of the relation-back principle. The Port Authority

posits that, as the landowner, its interest in the 2014 exemption exceeded that of Gulf Marine, the tenant. But the relation-back principle does not require the original and added parties to have *equal* interests. The test is whether they have a sufficient identity of interests in the matter so as not to prejudice the opponent. *See Est. of Eisen*, 126 So. 3d at 329*; R.A. Jones & Sons*, 470 So. 2d at 67. As stated in *R.A. Jones & Sons*, "[n]ot only must the adversary have had notice about the operational facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in." 470 So. 2d at 67 (emphasis omitted) (quoting *Williams v. United States*, 405 F.2d 234, 238 (5th Cir. 1968)). Indeed, the "touchstone" of the identity of interests requirement is whether the party or parties knew or should have known of the existence and involvement of the new party. *Lopez-Loarca v. Cosme*, 76 So. 3d 5, 10 (Fla. 4th DCA 2011).

That touchstone was strikingly prominent in this case: Gulf Marine and the Port Authority are in privity under a contract that obligates the former to pay all ad valorem taxes on property it leases from the latter. Obviously, each party to that lease knew of the existence and involvement of the other, and with respect to the 2014 tax exemption at issue here, their interests precisely overlapped. *See Smith v. Bruster*, 151 So. 3d 511, 515 (Fla. 1st DCA 2014) (holding that the existence of overlapping interests of original and proposed new parties is a factor weighing in favor of allowing an amendment to relate back).

Further, the Port Authority's willingness to have its own interests pursued by Gulf Marine throughout the litigation, both below and here, exemplifies the two entities' identity of interests and the absence of prejudice to the Port Authority from its addition to the lawsuit. Gulf

16

Marine, not the Port Authority, applied to have the property exempted from taxation even though only the Port Authority, as legal title holder, was authorized by law to do so. *See* § 196.011(1)(a). When the applications were denied, Gulf Marine filed the VAB petition as the "authorized agent of the owner." Gulf Marine, not the Port Authority, advocated for the tax exemptions in the VAB special magistrate hearing and before the board itself—after the Port Authority's vice president gave express approval for Gulf Marine to proceed on behalf of the Port Authority.

Moreover, on at least one occasion after the Port Authority was added as a party in the VAB appeal suit, it advised the circuit court that it was merely "a nominal party." The Port Authority did not join Gulf Marine's lawsuits to set aside the post-2014 assessments. And in this court, the Port Authority has limited its briefing to procedural issues, leaving it to Gulf Marine alone to argue the merits of the exemption claim in a separate appeal.

At every turn in the 2014 tax exemption dispute, Gulf Marine's standing, if any, has been as the Port Authority's representative, while the Port Authority has forgone advocating for itself to secure a tax exemption on its property. Having consistently and expressly deferred to Gulf Marine's pursuit of the exemption for the benefit of both, the Port Authority's disavowal of their common interest in the matter because its interest supposedly "exceeds" that of Gulf Marine rings hollow.

The upshot is that, from the beginning, all parties in the proceedings below were fully aware that the Port Authority was interested in the exemption issue, that this interest was being advanced on its behalf by Gulf Marine, and that Gulf Marine was acting with the Port Authority's imprimatur. The relation back of the Port Authority's

17

inclusion as a self-described nominal defendant in the VAB suit prejudiced no one, and the circuit court correctly permitted it.

## IV.  Conclusion

The Port Authority has not challenged the final judgment on its merits.  We have considered its other complaints, and we disagree with them.  Therefore, we affirm the judgment.

Affirmed.


SILBERMAN and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.